IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PAUL G. AMANN,<br><br>       Plaintiff,<br>v.<br><br>OFFICE OF THE UTAH ATTORNEY GENERAL, SEAN REYES, and BRIDGET ROMANO, in their official and individual capacities<br><br>       Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS**<br><br><br>Case No. 2:18-cv-341<br><br>District Judge Jill N. Parrish |

This matter comes before the court on plaintiff's Motion for Rule 11 Sanctions filed on July 16, 2018. (ECF No. 15). Defendants filed a response on August, 6, 2018, (ECF No. 22), to which plaintiff replied on August, 20, 2018, (ECF No. 27). With leave of court, defendants also filed a sur-reply. (ECF No. 34). The court heard oral argument on this motion on February 13, 2019. On the basis of that hearing, the parties' memoranda, applicable law, and for the reasons below, plaintiff's motion for sanctions is denied.

### I.  LEGAL STANDARD

Rule 11 of the Federal Rules of Civil Procedure provides, in relevant part:

(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
  (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
  (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

In short, Rule 11 requires that motions be, "to the best of the signer's knowledge, well grounded in fact, warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and . . . not interposed for any improper purpose." *Coffey v. Healthtrust, Inc.*, 1 F.3d 1101, 1104 (10th Cir. 1993).

Rule 11 further provides that "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."

## II. ANALYSIS

Mr. Amann asks this court to sanction defendants for filing a motion to dismiss grounded, in part, on legal arguments that were refuted by a state court prior to removal of this action to federal court. The motion to dismiss denied by the state court was premised on Mr. Amann's alleged failure to comply with the Utah Governmental Immunity Act's (UGIA) undertaking requirement. Mr. Amann contends that defendants are barred from relitigating the undertaking issue in this court, and that their motion seeking to do just that was therefore not "warranted by existing law[.]" Fed. R. Civ. P. 11.

Mr. Amann also urges this court to find that defendants' motion to dismiss was brought for an improper purpose, appending to his reply a declaration by a non-party lawyer who purports to have heard defendants' counsel represent that the Office of the Attorney General (OAG) files motions to dismiss as a matter of course, whether or not those motions are well-founded. (ECF No. 27-1 at 2).

### A. DEFENDANTS' MOTION WAS WARRANTED BY EXISTING LAW

Defendants argue, and the court agrees, that neither collateral estoppel nor the *Rooker-Feldman* doctrine are implicated by the relationship between the state court's order denying defendants' motion to dismiss and their subsequent motion to dismiss in this court.

"28 U.S.C. § 1738[] directs federal courts 'to refer to the preclusion law of the State in which judgment was rendered.'" *John H. Pembroke Living Tr. v. U.S. Bank Nat'l Ass'n for WaMu Series 2006-AR11 Tr.*, 732 F. App'x 678, 682 (10th Cir. 2018) (quoting *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985)). Accordingly, this court must apply Utah law to determine the preclusive effect of the state court's order. Under Utah law, collateral estoppel applies to prevent the relitigation of matters decided in a prior lawsuit that has "resulted in a final judgment on the merits." *See Buckner v. Kennard*, 99 P.3d 842, 847 (Utah 2004). Because this matter did not reach a final judgment on its merits, interlocutory orders can have no preclusive effect in this court or any other.

The narrow *Rooker-Feldman* doctrine prevents lower federal courts from invading the Supreme Court's exclusive appellate jurisdiction over state court judgments. *See Lance v. Dennis*, 546 U.S. 459, 463 (2006). Thus, it applies only when a lower federal court is asked to sit in an appellate stance to review a *final* state court judgment. *Id.* But again, this case has no final judgment to review, so the doctrine is inapplicable.

Finally, it is equally clear that this court is fully empowered to revise the state court's interlocutory orders prior to the entry of final judgment. Under 28 U.S.C. § 1450, "[a]ll injunctions, orders, and other proceedings had in [state court] prior to [] removal shall remain in full force and effect until dissolved or *modified* by the district court." (emphasis added). Moreover, "[i]t is within the District Judge's discretion to revise [its] interlocutory orders prior to

entry of final judgment."[1] *Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988); *see* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").

In sum, because there is no impediment to this court's consideration or grant of defendants' motion, the legal contentions underlying that motion are warranted by existing law.

### B. INSUFFICIENT EVIDENCE OF AN IMPROPER PURPOSE

There is little doubt that the OAG has made it a priority to assert and forcefully litigate challenges to citizen-plaintiffs' compliance with the procedural requirements of Utah statutes. In this case, that litigation policy was focused on the UGIA's undertaking requirement. But the OAG's arguments for reconsideration of the state court's undertaking order were not frivolous, and the motion as a whole does not bespeak of the kind of obstructionist motion practice that Mr. Amann's declarant reports.[2] While Mr. Amann may be correct that the OAG's practice is to file

---

[1] A corollary of this principle is the law of the case doctrine, which Mr. Amann also relies on in support of his argument that defendants' motion to dismiss was not warranted by existing law. "The law of the case doctrine *permits* a court to decline the invitation to reconsider issues already resolved earlier in the life of a litigation." *Entek GRB, LLC v. Stull Ranches, LLC*, 840 F.3d 1239, 1240 (10th Cir. 2016) (emphasis added). "Of course, the decision whether to apply law of the case doctrine remains a matter of judicial discretion." *Id.* at 1242. Clearly, the law of the case doctrine poses no obstacle to defendants' request that this court reconsider the state court's order.

[2] Defendants' motion to dismiss did not initially disclose the fact that the state court had orally presented its ruling denying their motion to dismiss. After being served with Mr. Amann's motion for sanctions, defendants amended their motion to include that fact. If their motion had not been amended to correct this omission, the court would have been inclined to sanction defendants for failing to comply with their duty of candor to the tribunal. Even with the amendment, defendants' motion comes close to the line by representing that removal was effected "[a]fter argument and while the matter was under advisement[.]" (ECF No. 13 at 2). But defendants technically complied with their duty of candor by disclosing, in a footnote, that the state court had issued an oral ruling prior to removal. Thus, defendants have successfully availed themselves of Rule 11's safe harbor provision.

baseless motions to dismiss for the purpose of needlessly increasing the cost of litigation, the inference is just as strong in this case that its behavior amounted to nothing more than an expression of its litigation policy in cases involving the UGIA. Without facts suggesting that *this* motion to dismiss was brought for an improper purpose, the court cannot find that a violation of Rule 11 occurred. Thus, Mr. Amann's motion is denied.

### III. ORDER

For the reasons articulated, plaintiff's Motion for Rule 11 Sanctions (ECF No. 15) is **DENIED.**

Signed February 28, 2019

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge