IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PAUL G. AMANN,<br><br>    Plaintiff,<br>v.<br><br>OFFICE OF THE UTAH ATTORNEY GENERAL *et al.*,<br><br>    Defendants. | **ORDER AFFIRMING MAGISTRATE JUDGE ORDER DENYING PLAINTIFF'S MOTION TO QUASH SUBPOENA DUCES TECUM AND SHORT FORM MOTION FOR PROTECTIVE ORDER**<br><br>Case No. 2:18-cv-00341-JNP-DAO<br><br>District Judge Jill N. Parrish |

Before the court is Plaintiff Paul G. Amann's ("Plaintiff") Objection to Order and Motion for Stay of Magistrate's Order ("Objection"). ECF No. 120. For the reasons set forth below, Plaintiff's Objection is overruled, and Magistrate Judge Daphne A. Oberg's Order Denying Plaintiff's Motion to Quash Subpoena Duces Tecum (ECF No. 104) and Short Form Motion for Protective Order (ECF No. 107) (ECF No. 114) is affirmed.

Where, as here, a party objects to a non-dispositive decision, district courts employ a "clearly erroneous or . . . contrary to law" standard of review. FED. R. CIV. P. 72(a). Under this deferential standard, the court will affirm a magistrate judge's ruling unless the court, exercising independent judgment, "is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *accord Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988); *Allen v. Sybase, Inc.*, 468 F.3d 642, 659 (10th Cir. 2006).

The court ordered Defendant Office of the Utah Attorney General (the "AGO") to respond only to one portion of Plaintiff's Objection—Plaintiff's argument that the time frame of the subpoena duces tecum issued to nonparty Robert Jason Hanks ("Hanks") was overbroad. ECF No. 121. In its response, the AGO argues that the time frame at issue (*i.e.*, from December 2013 through the present) is not overbroad because Plaintiff has alleged that the AGO has been retaliating against him since 2013 and continues to do so; Plaintiff has admitted to continuing to communicate with Hanks via email after Plaintiff's termination in 2016 and to deleting those emails; and Plaintiff continued to target Cynthia Poulson, his former co-worker, during his administrative leave in 2015 and after his eventual termination in 2016. The AGO further argues that Plaintiff has alleged that he continued his whistleblowing activities during his administrative leave and that the AGO continued to retaliate against him after his termination. Plaintiff did not explicitly raise this time frame issue in his Motion to Quash Defendants' Subpoena Duces Tecum ("Motion to Quash"). ECF No. 104. Nevertheless, the issue was addressed at the hearing on the Motion to Quash, at which Magistrate Judge Oberg stated that she considered it "seriously" but ultimately concluded that she could not limit the time frame of the subpoena because Plaintiff "alleg[ed] that the retaliation by the Attorney General's Office continued past his termination even until recently." ECF No. 124 at 25:15–23. Magistrate Judge Oberg therefore found the time frame subsequent to Plaintiff's termination date to be "relevant." *Id.* at 25:24–26:3.

Based upon the foregoing, and after careful review of the portion of Plaintiff's Objection pertaining to the time frame issue, the relevant authorities, and the record, the court concludes that Magistrate Judge Oberg's order is neither clearly erroneous nor contrary to law with respect to this time frame issue. The court finds that the time frame of the AGO's subpoena duces tecum corresponds with the time frame Plaintiff placed at issue in his allegations of retaliation and

2

whistleblowing activities and therefore is relevant, reasonable, and proportional. Additionally, after careful review of the remaining portions of Plaintiff's Objection, the relevant authorities, and the record, the court concludes that Magistrate Judge Oberg's order is also neither clearly erroneous nor contrary to law as it pertains to those portions. Plaintiff's Objection is therefore **OVERRULED**.

DATED May 25, 2021.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge