FILED
2021 OCT 5 AM 11:15
CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| PAUL G. AMANN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>OFFICE OF THE UTAH ATTORNEY GENERAL; SEAN REYES; BRIDGET ROMANO; and TYLER GREEN,<br><br>　　　　Defendants. | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' SHORT FORM MOTION FOR PROTECTIVE ORDER (DOC. NO. 154)**<br><br>Case No. 2:18-cv-00341-JNP-DAO<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is Defendant Office of the Utah Attorney General's (the "AGO") Short Form Motion for Protective Order, ("Mot.," Doc. No. 154). The court held a hearing on this motion on September 27, 2021. (*See* Doc. No. 177.) For the reasons stated at the hearing and further explained below, the motion is GRANTED in part and DENIED in part.

Plaintiff Paul G. Amann brought this action against the AGO and several current and former AGO officials and employees, alleging he was retaliated against and wrongfully terminated because of whistleblowing activities, including his filing of a complaint with the Executive Branch Ethics Commission (EBEC), against Attorney General Sean Reyes. (*See generally* Second Am. Compl., Doc. No. 90.) The AGO asserts Mr. Amann was terminated for nonretaliatory reasons, including his alleged harassment of another employee, Cynthia Poulson. (*See* Opp'n to Mot. to Quash 2, Doc. No. 105.)

The AGO moves to designate as "confidential" documents produced by Mr. Amann relating to (1) Ms. Poulson's expunged criminal history and (2) the EBEC proceedings. (Mot. 1, Doc. No. 154.) The AGO argues these documents must be kept confidential under Utah law,

1

citing Utah Code sections 77-40-110 and 77-40-112 relating to expunged criminal records and Utah Code section 63A-14-302 relating to the EBEC proceedings. (Mot. 3, Doc. No. 154.) Mr. Amann opposes a confidentiality designation, arguing the Utah statutes cited by the AGO are inapplicable, some of the documents at issue are already publicly available on the internet, and others do not relate to Ms. Poulson's criminal history or the EBEC proceedings. (Opp'n 2–3, Doc. No. 155.)

Rule 26(c)(1) of the Federal Rules of Civil Procedure permits a court, for "good cause," to issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking the protective order has the burden of demonstrating good cause. *Martinez v. City of Ogden*, No. 1:08-cv-00087, 2009 U.S. Dist. LEXIS 12270, at *5 (D. Utah Feb. 18, 2009) (unpublished).

The Utah statutes cited by the AGO do not govern the issue before the court, namely, whether the documents produced by Mr. Amann should be designated "confidential" in this litigation. Utah Code sections 77-40-110 and 77-40-112 limit disclosure of expunged criminal records by state agencies and employees. *See* Utah Code Ann. § 77-40-110 (providing expunged records may be "released to or viewed by" only specified individuals); Utah Code Ann. § 77-40-112 (providing criminal penalties for unauthorized disclosure of expunged records by certain government employees). These provisions do not apply to Mr. Amann, who is not a government employee.[1] As to the EBEC records, Utah Code section 63A-14-403 prohibits any person from disclosing "the existence of [an EBEC] complaint, a response, or any information concerning an alleged violation that is the subject of a complaint" with certain exceptions, and it provides for

---

[1] Moreover, Mr. Amann represents he obtained the documents at issue before the criminal records were expunged, when they were a matter of public record.

dismissal of the ethics complaint as a sanction for disclosure.  Utah Code Ann. § 63A-14-403(1)(a), (5).  Even if Mr. Amann were in violation of this provision, this statute does not govern confidentiality of documents in this litigation in federal court.

Although these statutes are not controlling in this circumstance, they demonstrate the documents at issue are afforded protection from disclosure under Utah law.  This supports the AGO's argument that some confidentiality protection is appropriate here.  Further, Mr. Amann has failed to show any of the documents are generally available to the public on the internet.[2]  Under these circumstances, the AGO has demonstrated good cause to designate as "confidential" records from Ms. Poulson's expunged criminal history and the EBEC proceedings, solely for purposes of preventing such documents from being filed publicly in this case in the first instance.

Importantly, Mr. Amann did not receive the documents at issue from AGO subject to a confidentiality designation.  Rather, he already had these documents in his possession, and he produced them to the AGO, which now seeks to designate them as confidential.  Thus, the provisions in the protective order entered in this case restricting disclosure by the "receiving party" do not apply to Mr. Amann.  (*See* Protective Order ¶ 5, Doc. No. 71.)  Because the documents were previously in Mr. Amann's possession and he did not obtain them subject to a confidentiality designation, the court will not restrict his use of the documents beyond this litigation.

For the reasons set forth above, the AGO's motion for a protective order, (Doc. No. 154), is GRANTED in part and DENIED in part, and the court ORDERS as follows:

---

[2] Mr. Amann provided a single URL to one of the documents at issue, but it is not apparent this document could be accessed by anyone who did not possess this specific URL.  In other words, he did not demonstrate the document was accessible via any public website or search engine.

1.      The categories of documents which may be designated "confidential" pursuant to this order are: (1) Utah court records from Ms. Poulson's expunged criminal cases, (2) letters regarding Ms. Poulson's pardon application, and (3) records from the EBEC proceedings. If the parties dispute whether any of the documents at issue fall into these categories, the documents may be submitted to the court for in camera review.

2.      Any party filing documents designated as "confidential" must first do so under seal, according to the procedures in Local Civil Rule DUCivR 5-3 and the protective order previously entered in this case, (Doc. No. 71). Pursuant to DUCivR 5-3(b)(2)(C)(i), Mr. Amann may indicate the documents are being filed under seal solely due to the AGO's confidentiality designation, and the parties may then present briefing regarding whether the documents should remain sealed.

3.      The AGO's request for attorney fees is denied, as Mr. Amann's position is substantially justified.

DATED this 5th day of October, 2021.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge