UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| PAUL G. AMANN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>OFFICE OF THE UTAH ATTORNEY GENERAL; SEAN REYES; BRIDGET ROMANO; and TYLER GREEN,<br><br>　　　　Defendants. | **MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S SHORT FORM MOTION TO COMPEL THE DEPOSITION OF SEAN REYES (DOC. NO. 157)**<br><br>Case No. 2:18-cv-00341-JNP-DAO<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is Plaintiff Paul G. Amann's Short Form Motion to Compel the Deposition of Sean Reyes, ("Mot.," Doc. No. 157). The court held a hearing on this motion on September 27, 2021. (*See* Doc. No. 177.) For the reasons stated at the hearing and explained below, the court DENIES the motion without prejudice.

Mr. Amann brought this action against his former employer, Defendant Office of the Utah Attorney General ("AGO"), Attorney General Sean Reyes, and other current and former AGO officials and employees, alleging he was retaliated against and wrongfully terminated because of whistleblowing activities. (*See generally* Second Am. Compl., Doc. No. 90.) Mr. Amann now seeks to depose Attorney General Reyes, arguing Attorney General Reyes was involved in the investigation of Mr. Amann and the decision to terminate him. (Mot. 3, Doc. No. 157.) The AGO opposes the deposition, arguing Mr. Amann has not met his burden in showing the deposition of this high-ranking official is warranted in this case. (Opp'n 1–3, Doc. No. 160.)

Courts limit the circumstances under which high-ranking government officials may be deposed. *See Estate of Turnbow v. Ogden City*, No. 1:07-cv-114, 2008 U.S. Dist. LEXIS 38001,

1

at *4 (D. Utah May 9, 2008) (unpublished).  Although no uniform test exists, district courts in this circuit have required parties seeking to depose high-ranking government officials to "demonstrate whether (1) the official has first-hand knowledge related to the claim being litigated[,] (2) the testimony will likely lead to the discovery of admissible evidence, (3) the deposition is essential to the party's case, and (4) the information cannot be obtained from an alternative source or via less burdensome means." *White v. City & Cnty. of Denver*, No. 13-cv-01761, 2014 U.S. Dist. LEXIS 95987, at *7 (D. Colo. July 10, 2014) (unpublished); *see also Fish v. Kobach*, 320 F.R.D. 566, 579 (D. Kan. 2017) (considering similar factors); *Estate of Turnbow*, 2008 U.S. Dist. LEXIS 38001, at *4–5 (same).

Mr. Amann has not presented evidence sufficient to meet this test.  In support of his motion, Mr. Amann presented evidence that Attorney General Reyes had some personal knowledge of the investigation and termination, including letters regarding Mr. Amann's suspension and termination which were copied to Attorney General Reyes.  (Exs. 1 & 4 to Mot., Doc. Nos. 157-1 & 157-4.)  One letter indicates AGO employee Bridget Romano recommended to Attorney General Reyes that Mr. Amann be terminated.  (Ex. 4 to Mot., Doc. No. 157-4.)  However, the AGO presented unrefuted evidence that Attorney General Reyes delegated the investigation and termination decision to another AGO employee, Tyler Green, and was not personally involved in these decisions.  (Ex. A to Opp'n, Decl. of Bridget Romano ¶¶ 4–6 & Exs. 1–3, Doc. No. 160-1.)  Thus, information regarding the reasons for Mr. Amann's termination can be obtained from alternative sources, including Ms. Romano and Mr. Green.  Mr. Amann has not shown a deposition of Attorney General Reyes is essential to his case, where he has presented no evidence of Attorney General Reyes' direct involvement in his termination and alternative sources of information are available.

If Mr. Amann obtains further information showing Attorney General Reyes' direct involvement in the employment decisions, this issue may be revisited, but the evidence presented with his motion is insufficient to warrant the deposition of Attorney General Reyes at this stage. For these reasons, Mr. Amann's motion is DENIED without prejudice.

DATED this 5th day of October, 2021.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge