UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| PAUL G. AMANN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>OFFICE OF THE UTAH ATTORNEY GENERAL; SEAN REYES; BRIDGET ROMANO; and TYLER GREEN,<br><br>　　　　Defendants. | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SHORT FORM MOTION TO COMPEL SUBPOENA RESPONSES (DOC. NO. 164)**<br><br>Case No. 2:18-cv-00341-JNP-DAO<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Paul G. Amann brought this action against his former employer the AGO, Attorney General Sean Reyes, and other current and former AGO officials and employees, alleging he was retaliated against and wrongfully terminated because of whistleblowing activities. (*See generally* Second Am. Compl., Doc. No. 90.) Now, before the court is Mr. Amann's Short Form Motion to Compel Subpoena Responses, ("Mot.," Doc. No. 164). The court held a hearing on this motion on September 27, 2021. (*See* Doc. No. 177.) For the reasons stated at the hearing and explained below, the court GRANTS the motion in part and DENIES it in part, and awards Defendant Office of the Utah Attorney General ("AGO") its attorney fees in responding to the motion based on Mr. Amann's counsel's complete failure to confer before filing the motion.

In this motion, Mr. Amann seeks to compel Attorney General Reyes to respond to a subpoena seeking communications from Attorney General Reyes' personal email addresses and personal cell phone. (Mot. 1–2, Doc. No. 164.) Defendants previously filed a motion for a protective order to prohibit Mr. Amann from enforcing the subpoena. (Short Form Mot. for

1

Protective Order, Doc. No. 123.) The court granted the motion, finding Mr. Amann "presented no evidence that [Defendants'] personal accounts and devices contain communications relevant to this case," but stated the analysis could change if Mr. Amann were able to present such evidence after conducting further discovery. (Order Granting Defs.' Short Form Mot. for Protective Order and Den. Without Prej. Pl.'s Short Form Mot. to Compel 3–4, Doc. No. 140.) Mr. Amann asserts he now has such evidence, including text messages from Attorney General Reyes' cell phone and emails from Attorney General Reyes' personal email accounts. (Mot. 2–3, Doc. No. 164.)

In its opposition, the AGO argues Mr. Amann failed to meet and confer regarding this motion. (Opp'n 1–2, Doc. No. 166.) In addition, the AGO states it has already produced all responsive text messages about Mr. Amann from Attorney General Reyes' personal phone. (*Id.* at 2.) Finally, the AGO opposes a search of Attorney General Reyes' personal email accounts, arguing the subpoena is invasive, duplicative, overbroad, and unjustified based on the evidence Mr. Amann identified. (*Id.* at 2–3.)

1. Requirement to Meet and Confer

The District of Utah's local rules require the parties to "make reasonable efforts without court assistance to resolve" discovery disputes. DUCivR 37-1(a)(1).

> At a minimum, those efforts must include a prompt written communication sent to the opposing party: (A) identifying the discovery disclosure/request(s) at issue, the response(s) thereto, and specifying why those responses/objections are inadequate, and; (B) requesting to meet and confer, either in person or by telephone, with alternative dates and times to do so.

*Id.*

At the hearing, Mr. Amann's argued she complied with this requirement because she had previously conferred with Defendants' counsel on this issue before Defendants filed their motion

2

for a protective order in April.  However, a conferral on a prior motion does not constitute a conferral on this motion.  The court issued an order resolving the prior motion, and Mr. Amann now seeks to compel a response to the subpoena based on new evidence produced after the motion was resolved.  Mr. Amann's counsel admitted she made no attempt to meet and confer on this issue after obtaining this new evidence upon which her motion is based.  Had she done so, the scope of the motion would have been narrowed, or possibly even resolved, without court intervention.  At minimum, a meaningful conferral would have revealed that all responsive text messages had already been produced, obviating the need to address that issue.  In other words, this failure to meet and confer had a detrimental impact on these proceedings and the time necessary to address them.

Because Mr. Amann's counsel failed to meet and confer before filing this motion as required under DUCivR 37-1, the AGO is entitled to an award of reasonable attorney fees incurred in responding to this motion.

2. Text Messages

Based on the AGO's representation that it produced all responsive text messages about Mr. Amann from Attorney General Reyes' personal phone, the portion of Mr. Amann's motion addressing Attorney General Reyes' cell phone is moot.

3. Emails

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  Mr. Amann presents three email chains from two personal email accounts as evidence that Attorney General Reyes' personal email accounts contain relevant communications.  (Exs. 2–4 to Mot., Doc. Nos. 164-2–164-4.)

The emails in Exhibits 2 and 3 contain only passing mentions of Mr. Amann or his work product, and do not appear relevant to the employment dispute in this case.[1] Exhibit 4, however, contains an email forwarded from an AGO employee to Attorney General Reyes describing a complaint that Mr. Amann was creating a "hostile work environment" and requesting an investigation. (Ex. 4 to Mot., Doc. No. 164-4.) This email addresses a matter directly relevant to Mr. Amann's claims, and it demonstrates this personal email account belonging to Attorney General Reyes contains at least some communications relevant to this case.

A search of this single email account using the search terms "Amann" and "Paul" would not be unduly burdensome. Pursuant to the agreement of the parties at the hearing, the search shall be limited to the time period from December 2013 to March 2017. With these limitations, a search of Attorney General Reyes' personal email account from Exhibit 4 is relevant and proportional to the needs of the case.

For the reasons set forth above, Mr. Amann's motion is GRANTED in part and DENIED in part. Defendants are ordered to search Attorney General Reyes' personal email account from Exhibit 4 for documents responsive to the subpoena, subject to the limitations set forth above. The court also grants the AGO's request for an award of reasonable attorney fees incurred in

---

[1] Exhibit 2 contains an email from Attorney General Reyes to an AGO employee stating Mr. Amann wanted to attend a meeting. (Ex. 2 to Mot., Doc. No. 164-2.) Exhibit 3 contains emails between Attorney General Reyes and an AGO employee describing a case Mr. Amann worked on, but it does not specifically mention Mr. Amann. (Ex. 3 to Mot., Doc. No. 164-3.)

responding to the motion based on Mr. Amann's counsel's failure to meet and confer. The parties shall meet and confer and try in good faith to agree on the amount of the fee award.

DATED this 7th day of October, 2021.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge