FILED
2021 OCT 25 PM 1:15
CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| PAUL G. AMANN,<br><br>Plaintiff,<br><br>v.<br><br>OFFICE OF THE UTAH ATTORNEY GENERAL; SEAN REYES; BRIDGET ROMANO; and TYLER GREEN,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS OR FOR ALTERNATIVE SERVICE (DOC. NO. 182)**<br><br>Case No. 2:18-cv-00341-JNP-DAO<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is Defendant Office of the Utah Attorney General's (the "AGO") Motion to Compel Production of Documents or for Alternative Service ("Mot.," Doc. No. 182). The motion concerns a subpoena for production of documents issued by the AGO to Wanda Amann, Plaintiff Paul Amann's wife. (Ex. 2 to Mot., Doc. No. 182-2.) After making unsuccessful attempts to personally serve Ms. Amann with the subpoena, the AGO emailed the subpoena to her. (Mot. 2, Doc. No. 182.) The AGO now seeks an order compelling Ms. Amann to respond to the subpoena or, alternatively, permitting the AGO to serve the subpoena by email. (*Id.* at 3.) The AGO also requests an award of fees and costs associated with paying for the process server and this motion. (*Id.*) The deadline to respond to the motion has passed, and no response has been filed. For the reasons set forth below, the court grants the motion in part and denies it in part, permitting the AGO to serve the subpoena by email but denying its motion to compel and its request for an award of fees and costs.

1

As set forth in the motion, Ms. Amann refused to accept service of this subpoena through counsel, although she had done so for her deposition. (Mot. 2, Doc. No. 182.) Ms. Amann provided an Arizona address as her residential address during her deposition. (Ex. 1 to Mot., Wanda Amann Dep. 6, Doc. No. 182-1.) A process server attempted to serve the subpoena at this Arizona address. (Ex. 3 to Mot., Decl. of Tamara Adams, Doc. No. 182-3.) However, the process server could not locate Ms. Amann at the address provided; a tenant told the process server she did not know Wanda Amann or Ms. Amann's location. (*Id.*) Subsequently, the AGO's counsel sent a copy of the subpoena to Ms. Amann's email addresses: wa5239@msn.com and wandaamann@gmail.com. (Ex. 4 to Mot., Email from S. Seder (Aug. 25, 2021), Doc. No. 182-4.) Ms. Amann used the Gmail account to correspond with other witnesses and the court reporter in May 2021 and again as recently as August 2021. (Ex. 5 to Mot., Email from W. Amann to J. Hanks (May 13, 2021), Doc. No. 182-5; Ex. 6 to Mot., Email from W. Amann to R. Shutt (Aug. 16, 2021), Doc. No. 182-6.) Despite this, Ms. Amann has not responded to the subpoena. (Mot. 2, Doc. No. 182.) Defendants' counsel reached out to Mr. Amann's counsel to see if she would accept service of the subpoena for Ms. Amann, but Mr. Amann's counsel indicated she lacked authority to accept service. (*Id.*, Ex. 7 to Mot., Email from A. Hollingsworth to B. Ranshau (Sept. 29, 2021), Doc. No. 182-7.)

Rule 45 of the Federal Rules of Civil Procedure provides that "[s]erving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). Several district courts in this circuit have interpreted this rule as allowing service by means other than personal service under Rule 4 of the Federal Rules of Civil Procedure. *See, e.g.*, *Ross v. Jenkins*, No. 17-2547, 2019 U.S. Dist. LEXIS 127518, at *2–3 (D. Kan. July 31, 2019) (unpublished) (noting Rule 45 service "can include methods of service other than direct, hand-over-hand personal service");

*E.A. Renfroe & Co. v. Moran*, No. 08-cv-00733, 2008 U.S. Dist. LEXIS 123018, at *4, 19–20 (D. Colo. Apr. 21, 2008) (unpublished) (holding that "effective service under Rule 45 is not limited to hand-to-hand personal service in every case" and finding that leaving the subpoena at the recipient's home after his wife refused to accept service was adequate under Rule 45); *Yost v. K. Truck Lines, Inc.*, No. 03-2086, 2006 WL 8440101, at *2 (D. Kan. Jan. 11, 2006) (unpublished) (finding Rule 45 does not mandate personal delivery or prohibit alternative service and requires only that "service be made in a manner that reasonably insures actual receipt of the subpoena by the trial witness," including certified mail). Additionally, courts may authorize service by alterative means as permitted under applicable state law. *See* Fed. R. Civ. P. 4(e)(1) (providing that service of an individual may be completed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made"); *cf.* Utah R. Civ. P. 4(d)(5)(A) (permitting service by alternative means "if there is good cause to believe that the person to be served is avoiding service").

      The AGO has not cited any authority finding service by email sufficient under Rule 45 absent an order authorizing alternative service. Because no such order had been issued at the time the AGO emailed the subpoena to Ms. Amann, the AGO has not shown she was properly served under Rule 45. Nevertheless, the AGO has demonstrated an order authorizing alternative service is warranted here. The AGO made diligent attempts to personally serve Ms. Amann at the residential address she provided in her deposition, but learned she was not living there. Ms. Amann also declined to accept service through an attorney, as she had for her deposition. The evidence submitted by the AGO provides good cause to believe Ms. Amann is avoiding service.

Moreover, under the circumstances, service by email is a means reasonably calculated to ensure actual receipt of the subpoena.

Accordingly, the court GRANTS the motion in part and DENIES it in part, and ORDERS that the AGO may serve the subpoena on Ms. Amann by emailing the subpoena and a copy of this order to wa5239@msn.com and wandaamann@gmail.com. The AGO's request for an award of fees and costs is denied.

DATED this 25th day of October, 2021.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge