UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| PAUL G. AMANN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>OFFICE OF THE UTAH ATTORNEY GENERAL, SEAN REYES, BRIDGET ROMANO, and TYLER GREEN,<br><br>　　　　Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT (DOC. NO. 199)**<br><br>Case No. 2:18-cv-00341<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is Defendant Office of the Utah Attorney General's ("AGO") Motion for Leave to File Amended Answer to Plaintiff's Second Amended Complaint, ("Mot.," Doc. No. 199). The AGO seeks to amend its answer to assert two additional affirmative defenses. (*Id.*) Plaintiff Paul G. Amann opposes the motion to amend, arguing the motion is untimely and the proposed amendment is futile. (Opp'n, Doc. No. 201.) For the reasons explained below, the court GRANTS the motion to amend.

BACKGROUND

Mr. Amann filed his initial complaint in this matter in Utah state court on May 30, 2017, bringing a whistleblower claim under the Utah Protection of Public Employees Act, Utah Code Ann. § 61-21-1 et seq., against the AGO, his former employer. (*See* Notice of Removal ¶ 1, Doc. No. 2.) Mr. Amann amended his complaint in April 2018, adding a retaliation claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., against the AGO, and civil rights claims under 42 U.S.C. section 1983 against individual AGO officials. (*See* Notice of Removal ¶ 2, Doc. No. 2; First Am. Compl., Doc. No. 2-1.) Defendants removed the case to

1

federal court the same month.  (Notice of Removal, Doc. No. 2.)  In February 2019, the court granted in part Defendants' partial motion to dismiss and gave Mr. Amann leave to amend his complaint.  (Mem. Decision and Order Granting in Part and Den. in Part Defs.' Partial Mot. to Dismiss, Doc. No. 38.)  In April 2019, before filing an amendment, Mr. Amann asked to stay this case pending a ruling in a separate Utah state court case regarding Mr. Amann's GRAMA requests, through which he sought information related to the issues in this case.  (*See* Mot. to Stay Case Pending State Court Action, Doc. No. 43.)  The court granted Mr. Amann's motion in part in October 2019, staying Mr. Amann's deposition and extending his amendment deadline until after the state court ruling, but allowing all other discovery to proceed.  (Order on Pl.'s Mot. to Stay, Doc. No. 57.)

In October 2020, with the parties still awaiting a ruling in the state court case, Defendants moved to lift the stay in order to "prevent further delays and enable the parties to proceed with the litigation of this matter."  (Defs.' Mot. to Modify Scheduling Order 2, Doc. No. 82.)  The court granted Defendants' motion and set a January 4, 2021 deadline for Mr. Amann to file a second amended complaint.  (Order Granting in Part Defs.' Mot. to Modify Scheduling Order, Doc. No. 87.)  Mr. Amann filed his second amended complaint on January 4, adding new individual defendants and a breach of contract claim against the AGO.  (Second Am. Compl., Doc. No. 89.)  Defendants filed a partial motion to dismiss, (Doc. No. 98), which the court granted in part in September 2021, dismissing certain claims and individual defendants, (Doc. No. 172).  The AGO and the remaining individual defendants then filed an answer to Mr. Amann's second amended complaint on September 30, 2021.  (Answer to Second Am. Compl., Doc. No. 178.)

The AGO moved to amend the answer less than six weeks later, on November 8, 2021. (Mot., Doc. No. 199.)  The original scheduling order in this case stated the deadline to file a motion to amend pleadings was "[n]o later than 28 days after a ruling in the State Court Action." (Scheduling Order 2, Doc. No. 72.)  Although the court later set specific deadlines for Mr. Amann to file amended pleadings, as described above, this deadline has not been modified as to the defendants.  No final ruling has yet been issued in the state court case.  (*See* Mot. 3 n.2, Doc. No. 199.)

Fact discovery closed on September 30, 2021, the same day Defendants filed their answer to the second amended complaint.  (*See* Order Granting Stipulated Mot. to Amend Scheduling Order, Doc. No. 171.)  At the time the motion to amend was filed, the deadline for filing dispositive motions was December 22, 2021.  (*See* Order Granting Stipulated Mot. to Amend Scheduling Order, Doc. No. 152.)  This deadline has since been extended to January 7, 2022, at the parties' joint request.  (*See* Docket Text Order Granting Mot. for Extension of Time, Doc. No. 211.)

## LEGAL STANDARDS

Rule 15 of the Federal Rules of Civil Procedure provides that unless an amendment is allowed as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  "[T]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (alteration in original) (internal quotation marks omitted).  Rule 15 instructs courts to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  "The purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter*, 451 F.3d at

3

1204 (internal quotation marks omitted).  "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [the plaintiff] ought to be afforded an opportunity to test [the] claim on the merits."  *Id.* (internal quotation marks omitted).  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (internal quotation marks omitted).  Prejudice to the opposing party is the "most important" factor in deciding whether to allow leave to amend.  *Minter*, 451 F.3d at 1207.

In addition to satisfying the Rule 15(a) standard, a party seeking leave to amend pleadings after the deadline in the scheduling order has passed must also demonstrate good cause to modify the scheduling order under Rule 16(b)(4) of the Federal Rules of Civil Procedure.  *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014); *see also* Fed. R. Civ. P. 16(b)(4) (providing that a scheduling order "may be modified only for good cause and with the judge's consent").

## DISCUSSION

The AGO seeks to amend its answer to assert two additional affirmative defenses to Mr. Amann's breach of contract claim.  (Mot. 2, Doc. No. 199.)  Specifically, the AGO seeks to assert that: (1) Mr. Amann's contract claim is preempted, at least in part, by the Utah Antidiscrimination Act, Utah Code Ann. § 34A-5-101 et seq., Title VII, 42 U.S.C. § 2000e et seq., and/or the Utah Protection of Public Employees Act, Utah Code Ann. § 61-21-1 et seq., and (2) Mr. Amann's contract claim fails because he did not exhaust administrative remedies under the Utah Grievance Procedures Act, Utah Code Ann. § 67-19a-101 et seq.  (Mot. 2, Doc. No. 199; *see also* Proposed Am. Answer to Second Am. Compl. 26, Doc. No. 199-1.)  The AGO

4

argues these defenses are legal in nature and do not require any additional discovery. (Mot. 2, Doc. No. 199.)

Mr. Amann opposes the motion to amend on the grounds of untimeliness and futility. (Opp'n 2, Doc. No. 201.) Mr. Amann argues the motion to amend is untimely because the AGO has known about the breach of contract claim since January 4, 2021, when he filed his second amended complaint adding this claim. (*Id.* at 4.) Mr. Amann asserts the AGO has offered no reason for the delay in asserting affirmative defenses to this claim. (*Id.*) Next, Mr. Amann argues the proposed preemption defense is futile because (1) discrimination is not an indispensable element of his contract claim and, therefore, it is not barred by the Utah Antidiscrimination Act, and (2) there is no authority suggesting the other statutes preempt his contract claim. (*Id.* at 4–5.) Finally, Mr. Amann argues the defense of failure to exhaust administrative remedies is futile because no provision of the Utah Code requires exhaustion of remedies for breach of contract claims. (*Id.* at 5.)

In reply, the AGO argues the motion to amend is not unduly delayed because it was filed only approximately five weeks after the answer, no trial date has been set, and the deadline for filing dispositive motions has not passed. (Reply 2, Doc. No. 202.) The AGO also argues the proposed affirmative defenses are not futile. (*Id.* at 3–5.)

As an initial matter, the motion to amend is not untimely under the scheduling order. As set forth above, the deadline for motions to amend from the original scheduling order is dependent on a ruling in the state court case, which has not yet been issued. This deadline has never been modified with respect to the defendants. Accordingly, the requirements of Rule 16(b)(4) do not apply, and Defendants need only demonstrate leave to amend should be granted

under Rule 15(a)(2).  Thus, the court turns to the factors set forth in Tenth Circuit case law justifying denial of leave to amend under this rule.  *See Bylin*, 568 F.3d at 1229.

Mr. Amann's opposition does not address undue prejudice—the "most important" factor in deciding whether to allow leave to amend.  *Minter*, 451 F.3d at 1207.  Mr. Amann does allege any prejudice, let alone undue prejudice, will result from the AGO raising the proposed affirmative defenses at this stage.  He does not contest that the proposed defenses are purely legal in nature and do not require discovery, and they were raised well in advance of the dispositive motion deadline.  Where the proposed defenses do not require discovery and may be addressed in upcoming dispositive motions, the amendment will not unduly prejudice Mr. Amann.

The AGO also did not unduly delay in moving to amend.  Although the case has been pending since 2017, Mr. Amann did not assert the breach of contract claim until January 2021, after a lengthy stay which Mr. Amann himself requested, based on the state court proceedings.  The AGO was not required to answer until after the court ruled on the motion to dismiss the second amended complaint in September 2021.  The AGO moved to add the affirmative defenses on November 8, 2021, less than six weeks after the initial answer and more than six weeks before the dispositive motion deadline of December 22 (a deadline which has since been extended further).  Under these circumstances, the AGO did not unduly delay in filing its motion, particularly where Mr. Amann has not demonstrated he will be prejudiced by the amendment at this stage.

Mr. Amann's only other argument is that the proposed affirmative defenses are futile.  Although futility alone is a sufficient basis to deny leave to amend, *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007), it is within the court's discretion to decline to engage in a futility

analysis in the context of a motion to amend if the futility arguments would be more properly addressed in dispositive motions. *See Lambe v. Sundance Mt. Resort*, No. 2:17-cv-00011, 2018 U.S. Dist. LEXIS 162268, at *7–8 (D. Utah Sept. 21, 2018) (unpublished) (declining to engage in a futility analysis where "the viability of [the new] claim is more appropriately addressed in the context of a dispositive motion as opposed to a motion for amendment"); *Stender v. Cardwell*, No. 07-cv-02503, 2011 U.S. Dist. LEXIS 38502, at *10–11 (D. Colo. Apr. 1, 2011) (unpublished) (declining to consider futility arguments based on failure to state a claim, where the opposing party failed to assert undue prejudice and could raise the same arguments in the context of a motion to dismiss). In this case, the viability of the new affirmative defenses would be more properly addressed in dispositive motions. Because futility is only one of several factors to be considered on a motion to amend, the parties' briefing on this issue is truncated—indeed, the motion and opposition each devote only two paragraphs to viability arguments. These arguments are better suited to dispositive motions, which would permit full briefing on the merits of the affirmative defenses. Therefore, the court declines to engage in a futility analysis here.

Mr. Amann does not argue the AGO acted in bad faith or with dilatory intent in moving to amend, and there is no basis in the record to find these factors present here. Accordingly, none of the applicable factors justify denial of the AGO's motion to amend.

For these reasons, leave to amend should be granted under Rule 15(a)(2).

## CONCLUSION

The court GRANTS the AGO's motion to amend, (Doc. No. 199). The AGO shall file a clean version of the amended answer in the form found at Doc. No. 199-1 within seven (7) days

7

of this order.  Once filed on the docket, the amended answer will be Defendants' operative pleading in this case.[1]

DATED this 28th day of December, 2021.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge

---

[1] Apart from the addition of the AGO's new affirmative defenses, the proposed amended answer is identical to the answer previously filed by all defendants.  (*See* Answer to Second Am. Compl., Doc. No. 178; Proposed Am. Answer to Second Am. Compl., Doc. No. 199-1.)