FILED
2022 JAN 25
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PAUL G. AMANN,<br><br>     Plaintiff,<br><br>v.<br><br>OFFICE OF THE UTAH ATTORNEY GENERAL; SEAN REYES; BRIDGET ROMANO; CRAIG BARLOW; SPENCER AUSTIN; TYLER GREEN; and DANIEL WIDDISON,<br><br>     Defendants. | **MEMORANDUM DECISION AND ORDER OVERRULING PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER GRANTING NON-PARTY UTAH DEPARTMENT OF PUBLIC SAFETY'S MOTION TO QUASH SUBPOENA**<br><br>Case No. 2:18-cv-00341-JNP-DAO<br><br>Judge Jill N. Parrish |

  Plaintiff Paul G. Amann sued the Office of the Utah Attorney General ("OAG"), Utah Attorney General Sean Reyes, Bridget Romano, Craig Barlow, Tyler Green, and Daniel Widdison (collectively, "Defendants"), alleging violations of the Utah Protection of Public Employees Act, UTAH CODE §§ 67-21-1 *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, among other claims. Before the court is Amann's objection to the magistrate judge's order granting non-party Utah Department of Public Safety's ("DPS") motion to quash the subpoena served upon it by Amann (ECF No. 192). ECF No. 200.

  The court OVERRULES Amann's objection to the magistrate judge's order granting DPS's motion to quash. However, the court concludes that the magistrate judge's order is made without prejudice to Amann's ability to reissue a subpoena to DPS that complies fully with Federal Rule of Civil Procedure 45.

1

# BACKGROUND

On September 2, 2021, Amann served a subpoena duces tecum on DPS. The subpoena requested the following materials:

1. Any and all records regarding Cynthia (Cindy) Stonebraker – DOB: [redacted], Cynthia (Cindy) Anne Poulson, Cynthia Stonebraker Poulson, Cynde Anne Anderson, Cynthia Anne Anderson and Karen Openshaw (hereinafter "Poulson"), including Poulson's application(s) for access to UCJIS [(Utah Criminal Justice Information System)] and all accesses to her criminal record by any party from January 1, 2006 through March 2016. Please include any and all information regarding Poulson losing access to UCJIS and how it was determined that her access had to be terminated, i.e., how it was discovered that she had an outstanding criminal history and all communications regarding termination of her access.

2. All records of Poulson submitting applications to the Bureau of Criminal Identification for Criminal History Records and/or Certificates of Eligibility for Expungement.

3. All records of communications/correspondence regarding Poulson.

4. All records to/from anyone in the Utah Attorney General's Office, and/or Internet Crimes Against Children Task Force regarding Poulson.

ECF No. 174-1 at 4.

On September 9, 2021, DPS filed a document with the court entitled "THIRD PARTY OBJECTION TO SUBPOENA served upon STATE OF UTAH – DEPT. OF PUBLIC SAFETY." ECF No. 174. Although the caption of the filing indicated that it was an objection to the subpoena, the magistrate judge to whom consideration of the filing was referred concluded that, based on the substance and citations in the filing, the filing should be treated as a motion to quash the subpoena. On October 25, 2021, the magistrate judge granted that motion and quashed the subpoena. ECF No. 192.

Amann objects to the magistrate judge's decision to grant DPS's motion and to quash the subpoena that he served upon DPS. ECF No. 200.

**LEGAL STANDARD**

"Under Federal Rule of Civil Procedure 72(a), a district court is required to consider timely objections to a nondispositive order from a magistrate judge and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Vivint, Inc. v. Alarm.com, Inc.*, No. 2:15-cv-392, 2020 U.S. Dist. LEXIS 141702, at *15 (D. Utah Aug. 6, 2020) (internal quotation marks and alterations omitted); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").

"The 'clearly erroneous' standard under Rule 72(a) applies to factual findings," *Vivint, Inc.*, 2020 U.S. Dist. LEXIS 141702, at *15 (citation omitted), and it "requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed,'" *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "The 'contrary to law' standard permits 'plenary review as to matters of law,'" *Cooper v. Noble Casing, Inc.*, Nos. 15-cv-1907-WJM-CBS, 16-cv-2799-WJM-CBS, 2017 U.S. Dist. LEXIS 223227, at *13–14 (D. Colo. Oct. 27, 2017) (quoting 12 Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 3069 (2d ed., Apr. 2016 update)), and "[a] magistrate judge's order is contrary to law if it 'fails to apply or misapplies relevant statutes, case law or rules of procedure,'" *Hawkins v. Ghiz*, No. 2:18-cv-00466-DBB-JCB, 2021 U.S. Dist. LEXIS 19484, at *3 (D. Utah Jan. 29, 2021) (citation omitted).

**ANALYSIS**

Amann objects to the magistrate judge's order granting DPS's motion to quash the subpoena that Amann served upon it. Amann argues that the magistrate judge's order was clearly

erroneous or contrary to law because it "grant[ed] a motion when no motion was filed," and, even if DPS's filing was properly considered a motion, "many of its objections to compliance with the subpoena are not justified on their face." ECF No. 200 at 2. The court addresses each argument in turn.

I.      **Whether DPS's Filing Was a Motion to Quash**

Amann argues that "the magistrate judge's ruling at issue is clearly erroneous because it misapplies the relevant rules of procedure by granting a motion when no motion was filed." *Id.* Specifically, Amann asserts that DPS's filing was an objection to Amann's subpoena, rather than a motion to quash the subpoena. Therefore, according to Amann, Federal Rule of Civil Procedure 45(d)(2)(B)(i) governed, and that Rule provides that, "[*a*]*t any time*, . . . the serving party may move the court for the district where compliance is required for an order compelling production or inspection." (Emphasis added.) Thus, Amann contends that he "ha[d] no deadline to move the court to order DPS to comply with the subpoena" and that, consequently, the magistrate judge erred in concluding that he failed to timely respond to DPS's filing. ECF No. 200 at 2.

As an initial matter, the court agrees with Amann that DPS's filing was far from a model of clarity. The filing was titled, "THIRD PARTY OBJECTION TO SUBPOENA served upon STATE OF UTAH – DEPT. OF PUBLIC SAFETY," ECF No. 174, but then, rather than citing the provisions of Federal Rule of Civil Procedure 45 that govern objections to subpoenas (that is, FED. R. CIV. P. 45(d)(2)(B)), the filing cited—imprecisely—the provisions of that Rule that govern motions to quash subpoenas.[1] That said, the court concludes that the magistrate judge's decision to treat DPS's filing as a motion to quash—rather than an objection to the subpoena— was neither clearly erroneous nor contrary to law.

---

[1] DPS repeatedly cited FED. R. CIV. P. 45(3)(A)(iii), (iv), *see* ECF No. 174 at 1–3, but the accurate citation is FED. R. CIV. P. 45(d)(3)(A)(iii), (iv).

4

As the magistrate judge noted, despite the fact that DPS captioned its filing as an "OBJECTION," ECF No. 174, the substance of the filing revealed that it was actually a motion to quash. *See* ECF No. 192 at 1 n.1. First, throughout the filing, DPS repeatedly cited provisions of Federal Rule of Civil Procedure 45 that govern motions to quash,[2] and never cited the provisions that govern objections to subpoenas. In addition, in the filing, DPS argued that Amann's subpoena "requires DPS to disclose privileged or other protected matter" and "subjects [DPS] to undue burden." ECF No. 174 at 2. Under Federal Rule of Civil Procedure 45(d)(3)(A)—the part of FED. R. CIV. P. 45 cited by DPS—a court is required to "quash or modify" a subpoena if either or both of those grounds are established. *See* FED. R. CIV. P. 45(d)(3)(A)(iii), (iv) ("On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."). Furthermore, at the conclusion of its filing, DPS stated that, "[b]ased on the foregoing[,] DPS request[s] that the subpoena be QUASHED because it requests information that cannot be provided under statute, and . . . it places an undue burden on a third-party because the scope of the request is overbroad." ECF No. 174 at 4.

Moreover, Federal Rule of Civil Procedure 45(d)(2)(B), which governs objections to subpoenas, provides that "[a] person commanded to produce documents or tangible things or to permit inspection may *serve on the party or attorney designated in the subpoena* a written objection." (Emphasis added.) Here, DPS's filing was not served on Amann or his attorney.

---

[2] Although, as described previously, the citations to FED. R. CIV. P. 45 are not entirely accurate, it is evident from the context that DPS was citing FED. R. CIV. P. 45(d)(3)(A)(iii), (iv), which are provisions that govern motions to quash subpoenas.

5

Rather, it was filed with the court, further supporting the conclusion that DPS's filing was a motion to quash rather than an objection governed by FED. R. CIV. P. 45(d)(2)(B).

Accordingly, the court concludes that the magistrate judge's decision to treat DPS's filing as a motion to quash was neither clearly erroneous nor contrary to law. To conclude otherwise would be to exalt form over substance, which federal courts strive to avoid. *See Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) ("[W]e will not elevate form over substance."); *see also Dodson Int'l Parts, Inc. v. Williams Int'l Co.*, 12 F.4th 1212, 1229 (10th Cir. 2021) ("This is an appropriate circumstance to recognize the proposition that '[a] pleading will be judged by the quality of its substance rather than according to its form or label.' . . . [A] 'court must look beyond the caption to the essential attributes of the motion itself.'" (citations omitted)).

Because the magistrate judge's decision to consider DPS's filing as a motion to quash was neither clearly erroneous nor contrary to law, the court further concludes that the magistrate judge's ruling that Amann failed to timely respond to the motion was neither clearly erroneous nor contrary to law. DPS filed its motion to quash on September 9, 2021. ECF No. 174. When the magistrate judge issued the order granting DPS's motion to quash on October 25, 2021, Amann had yet to file any response to the motion. ECF No. 192 at 1. Because DUCIVR 7-1(a)(4)(D)(ii) provides that "[a] response to a motion must be filed within 14 days after service of the motion," Amann was required to file any response to DPS's motion by September 23, 2021. Because he did not, the magistrate judge did not err in concluding that Amann failed to timely respond to the motion.

## II.   Whether DPS's Objections to Compliance Are "Justified on Their Face"

Amann further argues that, even if it was proper for the magistrate judge to consider DPS's filing a motion to quash, the magistrate judge's ruling was still clearly erroneous or contrary to law because "many of [DPS's] objections to compliance with the subpoena are not justified on their face." ECF No. 200 at 2. Specifically, Amann contends that DPS's objections "do not apply" to Amann's request for "Ms. Poulson's 'application(s) for access to UCJIS'" because "[s]uch records are neither access logs nor information from her criminal history." *Id.* at 3 (citation omitted). Similarly, Amann asserts that he "seeks Ms. Poulson's applications for expungement, not, as DPS maintains, 'information regarding expunged charges.'" *Id.* (citation omitted). Amann further asserts that DPS's "suggestion that it would be burdensome to review the emails that were responsive to the subpoena has no merit" because DPS has not provided "any indication of how many hits" a search for responsive emails would return. *Id.* The court disagrees.

First, although the court agrees with Amann that Poulson's "application(s) for access to UCJIS" are neither access logs nor information from Poulson's criminal history, the court disagrees that the magistrate judge's conclusion that such matter is protected under Utah law is clearly erroneous or contrary to law. Specifically, both DPS and the magistrate judge cited UTAH CODE § 53-10-108(2), which provides that "dissemination of information from a criminal history record, including . . . information from division[3] files, is limited to" certain individuals, agencies, and entities not relevant here. Because Amann has not persuaded the court that "application(s) for access to UCJIS" are not "information from division files," the court concludes that the magistrate judge's ruling that disclosure of Poulson's "application(s) for access to UCJIS" is

---

[3] UTAH CODE § 53-10-102(12) defines "[d]ivision" as "the Criminal Investigations and Technical Services Division created in Section 53-10-103."

7

prohibited under Utah law (without a court order) is neither clearly erroneous nor contrary to law.

Similarly, although the court agrees with Amann that applications for expungement are not necessarily information regarding expunged charges, the court concludes that the magistrate judge's determination that such applications are protected under Utah law is neither clearly erroneous nor contrary to law. Specifically, both DPS and the magistrate judge cited UTAH CODE § 77-40-109(2)(a), which provides that "[e]mployees of the bureau[4] may not divulge any information contained in the bureau's index to any person or agency without a court order unless specifically authorized by statute." Because Amann has not persuaded the court that applications for expungement are not "information contained in the bureau's index," the court concludes that the magistrate judge's ruling that disclosure of such applications is prohibited under Utah law— absent a court order—is neither clearly erroneous nor contrary to law.

Finally, in its response to Amann's objection to the magistrate judge's order, DPS indicated that "[a] search of one year of archived emails for the term 'Poulson' returned 5,612 results. When the search was further expanded to the eight full names listed in Plaintiff's subpoena, 17,586 results were returned." ECF No. 205 at 6. Accordingly, the court concludes that the magistrate judge's ruling that Amann's current subpoena "subjects [DPS] to undue burden," *see* FED. R. CIV. P. 45(d)(3)(A)(iv), is neither clearly erroneous nor contrary to law.

In sum, the court concludes that the magistrate judge neither clearly erred nor ruled contrary to law when she determined that at least some parts of the instant subpoena must be quashed because they require "disclosure of privileged or other protected matter" or subject DPS "to undue burden." *See* FED. R. CIV. P. 45(d)(3)(A)(iii), (iv).

---

[4] UTAH CODE § 77-40-102(3) defines "[b]ureau" as "the Bureau of Criminal Identification of the Department of Public Safety established in Section 53-10-201."

**CONCLUSION AND ORDER**

For the foregoing reasons, Amann's objection to the magistrate judge's order granting DPS's motion to quash is OVERRULED. However, because the magistrate judge did not specify otherwise, the court concludes that the magistrate judge's order is made without prejudice to Amann's ability to reissue a subpoena to DPS that complies fully with Federal Rule of Civil Procedure 45. *See Tiberi v. Cigna Ins. Co.*, 40 F.3d 110, 112 (5th Cir. 1994) (affirming order that quashed subpoena but permitting the issuing party to "pursue a new subpoena consistent with the district court's order"); *First Am. Title Ins. Co. v. Nw. Title Ins. Agency, LLC*, No. 2:15-cv-00229, 2015 U.S. Dist. LEXIS 152512, at *10 (D. Utah Nov. 9, 2015) (granting defendant's motion to quash without prejudice, such that plaintiffs were authorized to issue new subpoenas); *Abraham, Inc. v. United States*, No. 2:18-cv-1306, 2020 U.S. Dist. LEXIS 104358, at *8 (S.D. Ohio June 15, 2020) ("Accordingly, the motion to quash is GRANTED. However, this ruling is made without prejudice to Plaintiffs' ability to reissue a subpoena that complies fully with Rule 45 or is the subject of an agreement."); *In re Emp. Background Investigations, Inc. v. The Middlesex Corp.*, No. ELH-17-1850, 2017 U.S. Dist. LEXIS 138521, at *13 (D. Md. Aug. 29, 2017) ("Therefore, I shall grant the motion to quash, without prejudice to [issuer's] right to reformulate his subpoenas."). If Amann elects to reissue a subpoena to DPS, the court cautions him to seriously consider the arguments raised by DPS and Poulson in their responses to his objection when crafting the subpoena. *See* ECF Nos. 205–06.

Thus, the court ORDERS that fact discovery be reopen for 30 days from the entry of this order for the sole purpose of permitting Amann, if he so elects, to reissue a subpoena to DPS that complies fully with Federal Rule of Civil Procedure 45 and to conduct an oral deposition of

Reyes, *see* Memorandum Decision and Order Sustaining In Part and Overruling In Part Plaintiff's Objections.

DATED January 25, 2022.

BY THE COURT

_____

Jill N. Parrish

United States District Court Judge