UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| PAUL G. AMANN,<br><br>    Plaintiff,<br><br>v.<br><br>OFFICE OF THE UTAH ATTORNEY GENERAL; SEAN REYES; BRIDGET ROMANO; and TYLER GREEN,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO COMPEL WANDA AMANN'S PRODUCTION OF DOCUMENTS (DOC. NO. 250)<br><br>Case No. 2:18-cv-00341<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Defendant Office of the Utah Attorney General (the "AGO") moves to compel nonparty Wanda Amann to produce documents in response to the AGO's subpoena. ("Mot.," Doc. No. 250.) The time for a response has passed and no response has been filed. At the court's invitation, the AGO submitted a supplemental brief addressing whether the motion is properly filed in this court. ("Suppl. Br.," Doc. No. 254.) Because the AGO has not demonstrated the motion is properly brought in this court, the motion is denied.

Wanda Amann is Plaintiff Paul Amann's wife. The AGO served a subpoena for production of documents on Ms. Amann via email on October 26, 2021, pursuant to the court's order permitting email service. (*See* Mot. 2, Doc. No. 250; Mem. Dec. and Order Granting in Part and Den. in Part Def.'s Mot. to Compel Prod. of Docs. or for Alt. Service, Doc. No. 193.) The subpoena lists the place of compliance as an office in Kingman, Arizona, and also provides the option to send documents directly to the AGO's counsel's office in Salt Lake City, Utah. (Ex. A to Mot., Doc. No. 250-1.) On November 15, 2021, Ms. Amann submitted an unfiled motion to quash the subpoena to the Arizona office, raising various objections to the subpoena.

1

(Ex. B to Mot., Doc. No. 250-2.) The unfiled motion lists a Kingman, Arizona address for Ms. Amann. (*Id.*) Ms. Amann has not produced any documents in response to the subpoena. (*See* Mot. 2, Doc. No. 250.)

Rule 45 of the Federal Rules of Civil Procedure requires a motion to enforce a subpoena to be brought in "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(2)(B)(i). For a subpoena to produce documents, the place of compliance must be "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A).

The AGO contends the subpoena is properly brought in the District of Utah because the subpoena permits Ms. Amann to send the requested documents to counsel's Salt Lake City office. (Suppl. Br. 3, Doc. No. 254.) But the subpoena lists an Arizona address as the place of compliance and merely permits mailing to Utah as an alternative. (Ex. A to Mot., Doc. No. 250-1.) Thus, it is not clear the District of Utah is properly considered "the district where compliance is required." Fed. R. Civ. P. 45(d)(2)(B)(i).

In any event, the AGO has not demonstrated its counsel's Salt Lake City address is within 100 miles of where Ms. Amann resides, is employed, or regularly transacts business in person. First, the AGO fails to provide sufficient information regarding Ms. Amann's residency. According to the transcript filed by the AGO, Ms. Amann testified in her August 2021 deposition that she was appearing remotely from her apartment in Kingman, Arizona,[1] and that she also had "a home in Utah." (Ex. 1 to Suppl. Br., W. Amann Dep. 6:3–7, 6:17–21, 51:24–25,

---

[1] The AGO asserts the Arizona address Ms. Amann provided was incorrect, noting its process server was unable to locate her there. (Suppl. Br. 1, 3, Doc. No. 254.) But even if Ms. Amann does not reside at the Arizona address, this does not establish Ms. Amann resides within 100 miles of Salt Lake City.

2

Doc. No. 254-1.) The AGO provides no information regarding whether Ms. Amann's Utah home is located within 100 miles of Salt Lake City or whether Ms. Amann resides there. Indeed, the AGO admits it "has no knowledge of Ms. Amann's current place of residency." (Suppl. Br. 3, Doc. No. 254.) The AGO cannot demonstrate Salt Lake City is a proper place of compliance based on residency, where Ms. Amann's residence is unknown.

The AGO also fails to show Ms. Amann is employed or regularly transacts business in person within 100 miles of Salt Lake City. The AGO submitted evidence that Ms. Amann appeared at a hearing in Salt Lake City on April 7, 2022, in Mr. Amann's Utah state court case against the AGO, and that Mr. Amann introduced her to the court as his paralegal. (Ex. 2 to Suppl. Br., Doc. No. 254-2.) But this single court appearance does not establish Ms. Amann is employed or regularly transacts business within 100 miles of Salt Lake City.

For these reasons, the AGO has not demonstrated its counsel's Salt Lake City address was a permissible location to require Ms. Amann to comply with the subpoena. And the only other place of compliance listed in the subpoena is in Arizona. Therefore, the AGO's motion to enforce the subpoena is not properly brought in the District of Utah. The motion is denied.

DATED this 8th day of August, 2022.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge