UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| PAUL G. AMANN,<br><br>Plaintiff,<br><br>v.<br><br>OFFICE OF THE UTAH ATTORNEY GENERAL; SEAN REYES; BRIDGET ROMANO; and TYLER GREEN,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER (DOC. NO. 274)**<br><br>Case No. 2:18-cv-00341<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Paul G. Amann moves for a protective order prohibiting Defendants from pursuing enforcement of certain subpoenas against Wanda Amann, Mr. Amann's wife.[1] Defendant Office of the Utah Attorney General ("AGO") opposes the motion, arguing any challenge to the subpoenas must be brought in the District of Arizona, the district where compliance is required.[2] Because any challenge to the subpoenas must be brought in the District of Arizona, and Mr. Amann has not demonstrated a protective order is warranted, the motion is denied.[3]

---

[1] (Pl.'s Mot. for Protective Order ("Mot."), Doc. No. 274; *see also* Errata Re: Pl.'s Mot. for Protective Order ("Errata") 1, Doc. No. 276 (clarifying that two subpoenas are at issue).) As explained below, the AGO has issued at least four subpoenas addressed to Ms. Amann. Mr. Amann challenges the subpoena dated August 17, 2021, requiring compliance in Kingman, Arizona, which is the subject of an enforcement action in the District of Arizona, and another subpoena dated August 23, 2022. (*See* Errata 1, Doc. No. 276.)

[2] (Def.'s Opp'n to Pl.'s Mot. for Protective Order ("Opp'n"), Doc. No. 277.)

[3] This ruling is based on the parties' written memoranda, as oral argument is unnecessary. *See* DUCivR 37-1(b)(5)(B).

## LEGAL STANDARDS

Rule 45 of the Federal Rules of Civil Procedure requires a motion to enforce, quash, or modify a subpoena to be brought in "the court for the district where compliance is required."[4] For a subpoena to produce documents, the place of compliance must be "within 100 miles of where the person resides, is employed, or regularly transacts business in person."[5] This rule also requires notice and a copy of the subpoena to be served on each party before it is served on the person to whom it is directed.[6]

Rule 26 of the Federal Rules of Civil Procedure provides "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[7]

## BACKGROUND

The fact discovery period in this case closed on September 30, 2021.[8] Defendants' counsel issued two subpoenas for production of documents addressed to Ms. Amann on August

---

[4] Fed. R. Civ. P. 45(d)(2)(B)(i) (motions to enforce); Fed. R. Civ. P. 45(d)(3)(A)–(B) (motions to quash or modify).

[5] Fed. R. Civ. P. 45(c)(2)(A).

[6] *See* Fed. R. Civ. P. 45(a)(4) ("If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.").

[7] Fed. R. Civ. P. 26(c)(1).

[8] (*See* Order Granting Stipulated Mot. to Am. Scheduling Order, Doc. No. 171.) Fact discovery has since been reopened solely for purposes of a deposition and another subpoena not at issue here. (*See* Mem. Decision and Order Sustaining in Part and Overruling in Part Pl.'s Objs. 23, Doc. No. 224.) This reopened discovery period is currently stayed pending the outcome of Defendants' petition to the Tenth Circuit regarding the deposition. (*See* Docket Text Order (July 11, 2022), Doc. No. 260.)

17, 2021.[9] The subpoenas are identical except for the place of compliance: one subpoena requires compliance in Salt Lake City, Utah;[10] the other requires compliance at an office in Kingman, Arizona, and also provides the option to send documents directly to Defendants' counsel's office in Salt Lake City, Utah.[11] The AGO served notice of the subpoena requiring compliance in Salt Lake City on Mr. Amann's counsel, but Mr. Amann's counsel declined to accept service on behalf of Ms. Amann.[12] The AGO next attempted to personally serve the subpoena requiring compliance in Arizona on Ms. Amann at the Kingman, Arizona address she provided in her deposition, but the process server reported Ms. Amann did not reside there.[13] The AGO then moved for and was granted leave to serve the subpoena requiring compliance in Arizona by email.[14] The AGO served a version of this subpoena, dated October 26, 2021, on Ms. Amann by email in October 2021.[15] Ms. Amann delivered an unfiled motion to quash the

---

[9] (*See* Ex. 1 to Opp'n, Subpoena dated Aug. 17, 2021 (requiring compliance in Salt Lake City), Doc. No. 277-1 at 4–8; Ex. 2 to Def.'s Mot. to Compel Poduc. of Docs. or for Alternative Service, Subpoena dated Aug. 17, 2021 (requiring compliance in Kingman, Arizona), Doc. No. 182-2.)

[10] (*See* Ex. 1 to Opp'n, Subpoena dated Aug. 17, 2021 (requiring compliance in Salt Lake City), Doc. No. 277-1 at 4.)

[11] (Ex. 2 to Def.'s Mot. to Compel Poduc. of Docs. or for Alternative Service, Subpoena dated Aug. 17, 2021 (requiring compliance in Kingman, Arizona), Doc. No. 182-2 at 2.)

[12] (*See* Opp'n 1–2, Doc. No. 277; Ex. 1 to Opp'n, Notice of Intent to Issue Subpoena Duces Tecum, Doc. No. 277-1.)

[13] (*See* Opp'n 2, Doc. No. 277; *see also* Def.'s Mot. to Compel Produc. of Docs. or for Alternative Service 2, Doc. No. 182.)

[14] (*See* Mem. Dec. and Order Granting in Part and Den. in Part Def.'s Mot. to Compel Prod. of Docs. or for Alternative Service, Doc. No. 193.)

[15] (*See* Opp'n 2, Doc. No. 277; *see also* Ex. A to Def.'s Mot. to Compel Wanda Amann's Produc. of Docs., Subpoena dated 10/26/2021 (requiring compliance in Kingman, Arizona), Doc.

3

subpoena to the Kingman compliance office in November 2021, raising various objections—but she did not file the motion to quash or produce any documents.[16]

In April 2022, the AGO filed a motion to enforce the October 2021 subpoena in this court.[17] The court denied the motion in August 2022, finding the AGO failed to demonstrate the motion was properly brought in the District of Utah.[18] The court noted the subpoena listed Kingman, Arizona as the place of compliance.[19] And while the subpoena provided the option to send documents to Defendants' counsel's Salt Lake City office, the AGO failed to demonstrate Ms. Amann resided, was employed, or regularly transacted business in person within 100 miles of Salt Lake City.[20] Accordingly, the court found Salt Lake City was not a permissible location to require compliance under Rule 45 and the motion to enforce the subpoena was not properly brought in this court.[21]

Thereafter, on August 24, 2022, the AGO filed a motion in the District of Arizona to enforce the August 2021 and October 2021 subpoenas requiring compliance in Arizona.[22] The

---

No. 250-1.) Other than the date of issuance and deadline for compliance, the October 26, 2021 subpoena is identical to the August 2021 subpoena requiring compliance in Kingman, Arizona.

[16] (*See* Opp'n 2, Doc. No. 277.)

[17] (Def.'s Mot. to Compel Wanda Amann's Produc. of Docs., Doc. No. 250.)

[18] (Mem. Decision and Order Den. Def.'s Mot. to Compel Wanda Amann's Produc. of Docs., Doc. No. 267.)

[19] (*Id.* at 2.)

[20] (*Id.* at 2–3.)

[21] (*Id.* at 3.)

[22] (*See Amann v. Office of the Utah Att'y Gen. et al.*, Case No. 3:22-mc-08003-DWL (D. Ariz.), Mot. to Compel, Doc. No. 1 (describing the October 2021 subpoena as a "renewed" version of

same day, Defendants' counsel hand-delivered the Arizona enforcement motion and attached subpoenas, dated August 2021 and October 2021, to Ms. Amann in a Salt Lake City courthouse.[23]  Defendants' counsel also hand-delivered another subpoena, dated August 23, 2022.[24]  This August 2022 subpoena is a narrowed version of the August 2021 subpoena.[25]  According to the AGO, the subpoena was narrowed in response to objections raised by Ms. Amann in her unfiled motion to quash.[26]

Ms. Amann did not timely respond to the AGO's enforcement motion filed in the District of Arizona.[27]  On September 30, 2022, the District to Arizona granted the motion and ordered Ms. Amann to comply with the August 2021 subpoena.[28]  Ms. Amann then filed three successive motions raising various objections to the subpoena, which the District of Arizona denied as both

---

the August 2021 subpoena), Exs. 2 & 11 to Mot. to Compel (Subpoenas dated Aug. 17, 2021 and Oct. 26, 2021), Doc. Nos 1-2, 1-11.)

[23] (*See* Opp'n 3, Doc. No. 277.)

[24] (*See id.*; *see also* Ex. 1 to Mot., Subpoena dated Aug. 23, 2022, Doc. No. 274-1 at 5–11.)

[25] The August 2022 subpoena lists the same categories of documents as the August 2021 subpoena but adds certain exclusions, stating: "AGO does not ask for emails between you and Paul Amann, unless a third party or any current or former AGO employee was copied or otherwise included in the communications, in which case those must be produced.  AGO does not ask for emails between you and current employees of AGO."  (*Compare* Ex. 1 to Mot., Subpoena dated Aug. 23, 2022, Doc. No. 274-1 at 9 *with* Ex. 2 to Def.'s Mot. to Compel Poduc. of Docs. or for Alternative Service, Subpoena dated Aug. 17, 2021 (requiring compliance in Kingman, Arizona), Doc. No. 182-2 at 6.)

[26] (*See* Opp'n 3, Doc. No. 277.)

[27] *See Amann v. Att'y Gen. of State of Utah*, No. 3:22-mc-08003-PCT-DWL, 2022 U.S. Dist. LEXIS 179114, at *3 (D. Ariz. Sept. 30, 2022) (unpublished).

[28] *See id.*

untimely and without merit in orders dated October 19, October 31, and November 4.[29] In the November 4 order, the District of Arizona set a contempt hearing for November 15, 2022, due to Ms. Amann's failure to comply with the August 2021 subpoena.[30]

On November 1, 2022, Mr. Amann filed the instant motion for a protective order in this court.[31]

## ANALYSIS

Mr. Amann seeks to prohibit the AGO from enforcing the August 2021 and August 2022 subpoenas requiring compliance in Arizona.[32] He argues the subpoenas are untimely, noting the AGO served the subpoenas and filed motions to compel compliance after the close of fact discovery.[33] Mr. Amann also argues the AGO failed to give him notice of the August 2022 subpoena before service on Ms. Amann, as required under Rule 45.[34]

To the extent Mr. Amann seeks to quash these subpoenas, he fails to show his motion is properly brought in this court—for the same reasons stated in the order denying the AGO's

---

[29] *See Amann v. Att'y Gen. of State of Utah*, No. 3:22-mc-08003-PCT-DWL, 2022 U.S. Dist. LEXIS 190919 (D. Ariz. Oct. 19, 2022) (unpublished); *Amann v. Att'y Gen. of State of Utah*, No. 3:22-mc-08003-PCT-DWL, 2022 U.S. Dist. LEXIS 197741 (D. Ariz. Oct. 31, 2022) (unpublished); *Amann v. Att'y Gen. of State of Utah*, No. 3:22-mc-08003-PCT-DWL, 2022 U.S. Dist. LEXIS 201459 (D. Ariz. Nov. 4, 2022) (unpublished).

[30] *See Amann v. Att'y Gen. of State of Utah*, No. 3:22-mc-08003-PCT-DWL, 2022 U.S. Dist. LEXIS 201459, at *4–5 (D. Ariz. Nov. 4, 2022) (unpublished).

[31] (Mot., Doc. No. 274.)

[32] (*See id.*; Errata, Doc. No. 276 (clarifying the two subpoenas at issue are the August 2022 subpoena and the August 2021 subpoena which is the subject of the Arizona motion to compel.)

[33] (Mot. 3–5, Doc. No. 274.)

[34] (*Id.* at 5; Errata 2, Doc. No. 276.)

enforcement motion.[35] The subpoenas at issue require compliance in Kingman, Arizona;[36] therefore, any motions to enforce or quash the subpoenas must be brought in the District of Arizona.[37]

Further, addressing the merits of Mr. Amann's motion with respect to the August 2021 subpoena would interfere with the ongoing enforcement proceedings in the District of Arizona. Indeed, at the time Mr. Amann filed this motion, the District of Arizona had already addressed and rejected similar arguments raised by Ms. Amann regarding untimeliness and issued three separate orders requiring Ms. Amann to comply with the subpoena.[38] Mr. Amann's counsel has long been on notice of the AGO's efforts to serve and enforce the August 2021 subpoena in this court, and the record shows his counsel was also served notice of the Arizona enforcement motion.[39] Thus, Mr. Amann has had ample opportunity to challenge the August 2021 subpoena

---

[35] (*See* Mem. Decision and Order Den. Def.'s Mot. to Compel Wanda Amann's Produc. of Docs., Doc. No. 267.)

[36] (*See* Ex. 1 to Mot., Subpoena dated Aug. 23, 2022, Doc. No. 274-1 at 5; Ex. 2 to Def.'s Mot. to Compel Poduc. of Docs. or for Alternative Service, Subpoena dated Aug. 17, 2021 (requiring compliance in Kingman, Arizona), Doc. No. 182-2 at 2.)

[37] *See* Fed. R. Civ. P. 45(d)(2)(B)(i) (motions to enforce); Fed. R. Civ. P. 45(d)(3)(A)–(B) (motions to quash or modify).

[38] *See Amann v. Att'y Gen. of State of Utah*, No. 3:22-mc-08003-PCT-DWL, 2022 U.S. Dist. LEXIS 179114, at *3 (D. Ariz. Sept. 30, 2022) (unpublished); *Amann v. Att'y Gen. of State of Utah*, No. 3:22-mc-08003-PCT-DWL, 2022 U.S. Dist. LEXIS 190919 (D. Ariz. Oct. 19, 2022) (unpublished); *Amann v. Att'y Gen. of State of Utah*, No. 3:22-mc-08003-PCT-DWL, 2022 U.S. Dist. LEXIS 197741 (D. Ariz. Oct. 31, 2022) (unpublished) (rejecting Ms. Amann's argument that the subpoena was untimely because discovery is closed).

[39] Defendants' counsel mailed the Arizona enforcement motion to Mr. Amann's counsel's business address upon filing and also emailed the motion to Mr. Amann's counsel on September 7, 2022. (*See* Errata 1–2 & n.1, Doc. No. 276; Ex 1 to Errata, Email (Sept. 7, 2022), Doc. No. 276-1; Ex. 2 to Errata, Return Envelope, Doc. No. 276-2.)

in the District of Arizona. Mr. Amann may not circumvent those proceedings by challenging the subpoena in this court after the District of Arizona has issued multiple enforcement orders.

To the extent Mr. Amann suggests the AGO's attempts to enforce the August 2021 subpoena violate this court's scheduling orders, his argument lacks merit. First, he complains that the AGO served the August 2021 subpoena after the September 30, 2021 fact discovery deadline. But the AGO did so pursuant to this court's October 2021 order permitting alternative service, which was necessitated by Ms. Amann's efforts to avoid service.[40] Next, he argues the AGO's efforts to enforce the subpoena after fact discovery closed are improper. But the timing of service, which the court permitted, meant any enforcement would have to take place after the discovery deadline. Moreover, substantial litigation regarding discovery disputes has continued in this case long after the close of fact discovery. Indeed, summary judgment briefing deadlines are currently stayed pending the outcome of a petition to the Tenth Circuit regarding discovery issues.[41] Under these circumstances, the AGO's efforts to enforce the August 2021 subpoena after the fact discovery deadline do not violate the court's scheduling orders or warrant entry of a protective order.

With respect to the August 2022 subpoena, the issuance of new subpoenas after the close of fact discovery cannot be condoned. And there is no evidence the AGO served notice of this subpoena on Mr. Amann before serving the subpoena on Ms. Amann, as required under Rule

---

[40] (*See* Mem. Decision and Order Granting in Part and Den. in Part Def.'s Mot. to Compel Produc. of Docs. or for Alternative Service 3, Doc. No. 193 (finding "good cause to believe Ms. Amann is avoiding service").)

[41] (*See* Docket Text Order (July 11, 2022), Doc. No. 260.)

45.[42] Nevertheless, a protective order is unwarranted under the circumstances. The August 2022 subpoena is identical to the August 2021 subpoena except that it narrows the scope of the requested documents by listing certain exclusions.[43] For example, it clarifies that the AGO does not seek communications between Ms. Amann and her husband unless others were copied.[44] According to the AGO, this represents an attempt to address some concerns Ms. Amann raised in her unfiled motion to quash.[45] Thus, all documents sought in the August 2022 subpoena are also covered by the August 2021 subpoena, which was timely issued during the fact discovery period. Moreover, there is no evidence the AGO has taken any steps to enforce the August 2022 subpoena. Indeed, where the District of Arizona has ordered Ms. Amann to comply with the August 2021 subpoena, enforcement of the narrower August 2022 subpoena would be duplicative and unnecessary. Under these circumstances, the AGO's improper issuance of the August 2022 subpoena is of no practical consequence. Mr. Amann has not demonstrated good cause for entry of a protective order.

---

[42] *See* Fed. R. Civ. P. 45(a)(4).

[43] (*Compare* Ex. 1 to Mot., Subpoena dated Aug. 23, 2022, Doc. No. 274-1 at 9 *with* Ex. 2 to Def.'s Mot. to Compel Produc. of Docs. or for Alternative Service, Subpoena dated Aug. 17, 2021 (requiring compliance in Kingman, Arizona), Doc. No. 182-2 at 6.)

[44] (*See* Ex. 1 to Mot., Subpoena dated Aug. 23, 2022, Doc. No. 274-1 at 9.)

[45] (Opp'n 3, Doc. No. 277.)

## CONCLUSION

Because any challenge to the subpoenas at issue must be brought in the District of Arizona, and Mr. Amann has not demonstrated a protective order is warranted, Mr. Amann's motion for a protective order[46] is denied.

DATED this 11th day of November, 2022.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[46] (Doc. No. 274.)