# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PAUL G. AMANN,<br><br>    Plaintiff,<br><br>v.<br><br>OFFICE OF THE UTAH ATTORNEY GENERAL, SEAN REYES, BRIDGET ROMANO, and TYLER GREEN, in their individual and official capacities,<br><br>    Defendants. | **MEMORANDUM DECISION & ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S DENIAL OF PROTECTIVE ORDER**<br><br>Case No. 2:18-cv-00341-JNP-DAO<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Through this action, Plaintiff Paul Amann ("Plaintiff" or "Mr. Amann") asserts several claims against the Office of the Utah Attorney General ("AGO") and AGO employees Sean Reyes, Bridget Romano, and Tyler Green in their individual and official capacities (collectively, "Defendants") related to AGO's termination of Mr. Amann's employment in 2016. Before the court at this time are Plaintiff's objections to an order of the Magistrate Judge denying Plaintiff's motion for a protective order. For the reasons set out below, Plaintiff's Objections to the Magistrate Judge's Order, ECF No. 279, are **OVERRULED**.

## BACKGROUND

On August 17, 2021, a third-party subpoena *duces tecum* commanding Ms. Wanda Amann ("Ms. Amann"), then a resident of Arizona, to produce documents was issued. ECF No. 277-1. Defendants were unable to serve the subpoena on Ms. Amann and, on October 5, 2021, moved the

court pursuant to FED. R. CIV. P. 45(b)(1) to compel her to respond to the subpoena *or*, alternatively, to permit service of the subpoena by the alternative means of email. ECF No. 182. No response to the Defendants' motion was filed. *See* ECF No. 193 at 1.

In an order dated October 25, 2021, pursuant to Rules 45 and 4(e)(1) of the Federal Rules of Civil Procedure, the Magistrate Judge permitted the Defendants to serve Ms. Amann by email, stating there was "good cause to believe Ms. Amann [was] avoiding service." *See* ECF No. 193 at 3. The subpoena was served on Ms. Amann by email the next day. ECF No. 284 ¶ 13. While in Utah on August 24, 2022, Ms. Amann was also given a revised version of the August 17, 2021 subpoena, which the Magistrate Judge has determined was appropriate given that it did not exceed the scope of the earlier subpoena. *See* ECF No. 278 at 8-9.

Defendants subsequently filed a motion to compel compliance with the subpoena in the District of Utah on April 26, 2022, ECF No. 250, which was denied on the grounds that the proper court in which to seek compliance was the District of Arizona under FED. R. CIV. P. 45(d)(2)(B)(i). ECF No. 267 at 2. Defendants then sought to compel compliance with the subpoena in the District of Arizona. That court granted Defendants' motion to compel and denied Ms. Amann's repeated attempts to quash or avoid the subpoena. *See* ECF No. 284 ¶¶ 13-22; *see also* ECF No. 278 at 6 n.29. On November 4, 2022, the District of Arizona set a contempt hearing due to Ms. Amann's failure to comply with the August 17, 2021 subpoena. ECF No. 278 at 6 n.30.[1]

---

[1] Defendants acknowledge that Ms. Amann, on November 14 and December 1, 2022, produced 717 Bates-numbered documents in response to the subpoena at issue here. ECF No. 284 at 2. Thus, they argue that "Plaintiff is [] seeking protection from discovery that has already taken place," *id.*, although they maintain that Ms. Amann is still not in full compliance with the subpoena. *Id*. The District of Arizona later transferred that action to this court to determine the issues of contempt and appropriate sanctions for Ms. Amann. *See Amann v. Office of the Utah Attorney General et al.*,

2

On November 1, 2022, more than a year after the Magistrate Judge's order permitting alternative service, Plaintiff filed his Motion for Protective Order in this court. ECF No. 274 ("Pl.'s Mot. for Protective Order"). Through this motion, Mr. Amann sought an order prohibiting the enforcement of the August 2021 and 2022 subpoenas *and* generally prohibiting Defendants from "seeking information from Ms. Amann." Pl.'s Mot. for Protective Order at 1.

Mr. Amann's motion argued that the subpoena was unenforceable given the close of fact discovery on September 30, 2021, *see* ECF No. 171, and because Defendants "failed to move . . . for alternative service prior to" that date. Pl.'s Mot. for Protective Order at 4. The same timeliness argument was also raised as to the August 24, 2022 subpoena, *id*., and Plaintiff similarly argued that he was not given proper notice of the 2022 subpoena prior to its service under FED. R. CIV. P. 45(a)(4). Pl.'s Mot. for Protective Order at 5; *see also* ECF No. 276.

Defendants responded by arguing (1) that the subpoena was timely issued prior to the close of fact discovery; and (2) that Plaintiff's motion for a protective order was improper insofar as it would circumvent orders of the District of Arizona, which had repeatedly denied Ms. Amann's objections to the subpoena and ordered compliance with the same. ECF No. 277 at 1.[2]

On November 11, 2022, Magistrate Judge Oberg issued a Memorandum Decision and Order Denying Plaintiff's Motion for Protective Order. ECF No. 274 ("Magistrate Judge Order"). The Magistrate Judge rejected Mr. Amann's arguments that the subpoenas were violative of the standing scheduling order, *id*. at 8, and held that the August 24, 2022 subpoena was of no

---

2:22-cv-00753-JNP (transferred to the District of Utah on December 7, 2022). A hearing on the issue of sanctions has not yet been held.

[2] Defendants also argued that the Plaintiff's objections to the subpoena were untimely under FED. R. CIV. P. 45(d)(2)(b). ECF No. 277 at 5.

consequence, given that it was merely a narrowed version of the properly issued subpoena served the year prior. *Id.* at 8-9. Thus, the court held that Mr. Amann had failed to demonstrate an entitlement to a protective order. *Id.* at 1.

On November 25, 2022, Mr. Amann filed his Objections to the Magistrate Judge's Order, ECF No. 279 ("Pl.'s Objs."), currently before this court. The bases for Mr. Amann's objections are outlined and considered below.

## LEGAL STANDARD

When a party objects to a magistrate judge's non-dispositive ruling, district courts employ a "clearly erroneous or . . . contrary to law" standard of review. FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Under this deferential standard, the court will affirm the ruling unless the court, exercising independent judgment, "is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006).

## ANALYSIS

Mr. Amann's objections to the Magistrate Judge's order are twofold: (1) that the third-party subpoena was unenforceable given the close of fact discovery; and (2) that the District of Utah could not properly issue the order permitting service by alternative means in the first place. Each ground for Mr. Amann's objections is considered in turn.

### I.  Timeliness

First, Mr. Amann argues that the subpoena, because it was not served on Ms. Amann until following the close of fact discovery, is unenforceable. *See* Pl.'s Objs. at 9. As a result, Mr. Amann suggests that the Magistrate Judge's denial of his protective order was contrary to law. However, Mr. Amann's argument as to the timing of the third-party subpoena at issue stems from a

misunderstanding of the distinction between the *issuance* and *service* of third-party subpoenas under Rule 45 of the Federal Rules of Civil Procedure.

### A. Issuance of the August, 2021 Third-Party Subpoena

This misunderstanding is belied by Mr. Amann's contention that "[t]o the extent that[,] in stating that the subpoenas 'were issued[,]' the [M]agistrate [Judge] believes that either of these subpoenas *were served* on or about August 17, 2021, they were not." Pl.'s Objs. at 10 (emphasis in original); *accord id*. at 12. By stating that the subpoena was issued on August 17, 2021, Magistrate Judge Oberg did not evidence a belief that the subpoena was served on that date, nor is this suggested at any point in the Magistrate Judge's order. The issuance and service of a third-party subpoena are distinct, and although the third-party subpoena directed to Ms. Amann was not immediately served, it *was* properly issued on August 17, 2021, and is clearly so dated. *See* ECF No. 277-1 at 4.[3] As FED. R. CIV. P. 45(a)(3) makes clear, subpoenas are issued by either clerks of the court or attorneys. In this case, it was Defendants' counsel Ms. Stevens who issued the subpoena on the day that she signed it. ECF No. 277-1 at 4.

Counsel-issued subpoenas carry the mandate and authority of the court, *see, e.g.*, *Waste Conversion, Inc. v. Rollins Environmental Services (NJ), Inc.*, 893 F.2d 605 (3d Cir. 1990); *Fisher v. Marubent Cotton Corp.*, 526 F.2d 1338, 1340 (8th Cir. 1975); *cf. Young v. United States ex rel Vuitton et Fils S.A.*, 481 U.S. 787, 821 (1987) (Scalia, J., concurring), and "[a]lthough the subpoena is in a sense the command of the attorney who completes the form, defiance of a subpoena is nevertheless an act in defiance of a court order and exposes the defiant witness to contempt

---

[3] Additionally, Mr. Amann's counsel was provided proper notice of the issuance of the subpoena that same day pursuant to FED. R. CIV. P. 45(a)(4). *See* ECF No. 277-1 at 2-3.

sanctions." FED. R. CIV. P. 45 (Notes of Advisory Committee on Rules—1991 Amendment). Thus, although it was not served on Ms. Amann until October 26, 2021, the subpoena was properly issued pursuant to FED. R. CIV. P. 45(a)(3) on August 17, 2021, well before the September 30, 2021 close-of-discovery deadline.

### B. Magistrate Judge Oberg's Order Permitting Alternative Service

Relatedly, Mr. Amann argues that the Magistrate Judge's earlier order (from October 25, 2021) permitting alternative means of service after the close of fact discovery, ECF No. 193, was similarly invalid. *See* Pl.'s Objs. at 10. However, for the reasons stated above, the subpoena was timely issued before the close of fact discovery, and the court retained the power to permit service and otherwise enforce compliance with timely issued subpoenas after the close of fact discovery. Mr. Amann himself has moved for and been granted such discovery enforcement relief. For example, on December 20, 2022, the Magistrate Judge granted in part and denied in part Mr. Amann's motion (filed well after the close of fact discovery) to compel production of a thumb drive. *See* ECF No. 283. Further, Mr. Amann failed to timely respond to Defendant's motion to permit alternative service of the August 17, 2021 subpoena, *see* ECF No. 193 at 1, and similarly failed to timely object to that order. Plaintiff's Motion for Protective Order, filed a year after the fact, was an inappropriate vehicle to raise objections to the August 17, 2021 subpoena, and the Magistrate Judge properly denied such motion.

### II. Jurisdiction

The second major line of argument raised by Plaintiff's Objections concerns which court— the District of Utah or the District of Arizona—had jurisdiction to issue the subpoena or compel compliance with the same. Mr. Amann argues that "this court does not have jurisdiction over Ms.

Amann because she is an Arizona resident," Pl.'s Objs. at 11, and that the District of Utah could not order an out-of-state third party to accept service by email. *Id*. at 10.

Although the District of Arizona was the proper court in which to seek compliance with any subpoena (since that is where compliance was required), FED. R. CIV. P. 45(d)(2)(B)(i),[4] the District of Utah, as Judge Oberg carefully noted, was the court under whose authority the subpoena was issued, and which would be responsible for permitting alternative service. *See* ECF No. 193 at 2-3; Magistrate Judge Order at 1-2.[5]

Thus, the Magistrate Judge did not err, and Mr. Amann's jurisdictional arguments are non-meritorious. The District of Utah could properly permit service by alternative means to Ms. Amann, then a resident of Arizona, and the District of Arizona was the proper court in which to seek compliance with the subpoena *or*, alternatively, to file any motion to quash the same under Rule 45. *See* FED. R. CIV. P. 45(d)(3)(A); *contra* Pl.'s Objs. at 11.

In summary, then, Mr. Amann's arguments as to both timeliness and jurisdiction are unavailing, and Magistrate Judge Oberg's November 11, 2022 Order Denying Plaintiff's Motion for Protective Order is neither clearly erroneous nor contrary to law.

---

[4] Mr. Amann's objections memorandum also states that neither he nor Ms. Amann responded to Defendants' motion to compel filed in the District of Arizona because they believed that the District of Arizona did not have jurisdiction to compel compliance with the subpoena. Pl.'s Objs. ¶ 12. However, they are mistaken, because FED. R. CIV. P. 45(d)(2)(B)(i) mandates that such motions be filed in the "district where compliance is required."

[5] As the Magistrate Judge's earlier order permitting alternative service notes, district courts in the Tenth Circuit often interpret Rule 45 to allow service by means other than personal service, referring to Rule 4(e)(1). And Because Rule 4(e)(1) permits service for federal actions "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located *or where service is made*" (emphasis added), it is certainly not the case that federal district courts' jurisdiction to order or permit service is limited to the territory of the states in which they sit. *See also* FED. R. CIV. P. 4(f).

## CONCLUSION & ORDER

For the foregoing reasons, Plaintiff's Objections to the Magistrate Judge's Order, ECF No. 279, are hereby **OVERRULED**.

DATED November 30, 2023.

BY THE COURT

Jill N. Parrish
United States District Court Judge