UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| PAUL G. AMANN,<br><br>Plaintiff,<br><br>v.<br><br>OFFICE OF THE UTAH ATTORNEY GENERAL; SEAN REYES; BRIDGET ROMANO; and TYLER GREEN,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART RENEWED MOTION TO SEAL EXHIBITS IN THE APPENDIX OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOC. NO. 338)**<br><br>Case No. 2:18-cv-00341<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Paul G. Amann brought this action against the Office of the Utah Attorney General (the "AGO") and several current and former AGO officials and employees, alleging he was retaliated against and wrongfully terminated because of whistleblowing activities.[1] Defendants assert Mr. Amann was terminated for nonretaliatory reasons, including his alleged harassment of another AGO employee, Cynthia Poulson.[2]

Defendants have filed a renewed motion for leave to file under seal certain exhibits to their motion for summary judgment.[3] They contend these exhibits should be sealed because they contain information regarding Ms. Poulson's expunged criminal

---

[1] (*See generally* Second Am. Compl., Doc. No. 90.)

[2] (*See* Defs.' Mot. for Summ. J. 1–3, Doc. No. 330.)

[3] (Renewed Mot. for Leave to File Under Seal Exs. in the App. of Defs.' Mot. for Summ. J. ("Renewed Mot. to Seal"), Doc. No. 338.)  Defendants' prior motion to seal these exhibits was denied without prejudice.  (*See* Docket Text Order, Doc. No. 336.)

1

history and other sensitive personal information.[4] For the reasons explained below, the motion is granted in part and denied in part.

## LEGAL STANDARDS

"Courts have long recognized a common-law right of access to judicial records."[5] Indeed, the District of Utah's local rules provide that court records are "presumptively open to the public," and sealing of court records is "highly discouraged."[6] Particularly "[w]here documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches."[7] However, the right of public access is "not absolute."[8] "[T]he presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in access."[9] "The burden is on the party seeking to restrict access to show some significant interest that outweighs the presumption."[10] Further, under the local rules, the motion to seal must be "narrowly tailored to seek protection of only the specific information that the party alleges is truly deserving of protection."[11]

---

[4] (*See* Renewed Mot. to Seal 2, Doc. No. 338.)

[5] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)).

[6] DUCivR 5-3(a)(1).

[7] *Colony Ins. Co.*, 698 F.3d at 1242 (citation omitted).

[8] *Id.* at 1241 (citation omitted).

[9] *Id.* (internal quotation marks omitted).

[10] *Id.* (internal quotation marks omitted).

[11] DUCivR 5-3(b)(2)(A).

ANALYSIS

Defendants' motion to seal relies, in part, on a prior order permitting the AGO to designate some of the documents at issue as "confidential" under the District of Utah's Standard Protective Order.[12] Specifically, the court found the AGO had "demonstrated good cause to designate as 'confidential' records from Ms. Poulson's expunged criminal history . . . , solely for purposes of preventing such documents from being filed publicly in this case in the first instance."[13]

Defendants' reliance on this order is misplaced. The standard for sealing documents which are part of the judicial record is "much higher" than the standard for designating discovery documents as confidential.[14] In stating the documents at issue could not be filed publicly in the first instance, the prior order merely referred to the Standard Protective Order's requirement that any document designated as confidential must be sealed when initially filed.[15] Consistent with the local rules, this gives the designating party the opportunity to file its own motion to maintain the documents under

---

[12] (*See* Order Granting in Part and Den. in Part Defs.' Short Form Mot. for Protective Order ("Order on Confidentiality Designations"), Doc. No. 179); *see also* Standard Protective Order, https://www.utd.uscourts.gov/sites/utd/files/Standard%20Protective%20Order%20Cases%20Filed%20Before%2012-1-2023.pdf [https://perma.cc/26WB-36K5].

[13] (Order on Confidentiality Designations 3, Doc. No. 179.)

[14] *Womack v. Del. Highlands AL Servs. Provider, LLC*, No. 10-2312, 2012 U.S. Dist. LEXIS 41313, at *2 (D. Kan. Mar. 27, 2012) (unpublished) (citation omitted).

[15] *See* Standard Protective Order ¶ 7(c).

seal, specifying why the documents warrant sealing.[16] But a confidentiality designation is insufficient, on its own, to justify sealing documents filed as part of the judicial record. In other words, the prior order sustaining confidentiality designations does not mean the documents should remain sealed when filed in support of substantive motions. Instead, Defendants must provide a basis to seal each document under the legal standards outlined above. Defendants' arguments in support of sealing are assessed below in light of these standards.

### 1. Exhibit G: Amann Interview Transcript

Exhibit G is the transcript of an interview of Mr. Amann. Defendants argue it should be sealed because it contains "confidential and highly sensitive information regarding [Mr. Amann's] conduct, including the name of a former AGO supervisor and judge with whom [Mr. Amann] had a sexual relationship."[17]

The motion to seal is granted in part and denied in part as to Exhibit G. Because information regarding this relationship is discussed in detail in numerous public filings in this case, including the summary judgment briefing, the interview transcript does not warrant sealing in its entirety. Nevertheless, where the name of the former AGO supervisor and judge is not in the public filings, it may be redacted from the transcript. <u>Defendants are ordered to refile Exhibit G publicly, with only this name redacted.</u>

---

[16] *See* DUCivR 5-3(b)(2)(C)(i) ("If the designating party seeks to have the Document remain under seal, the designating party must file a Motion for Leave to File Under Seal in accordance with DUCivR 5-3(b)(2) within 7 days of service . . . .").

[17] (Renewed Mot. to Seal 3, Doc. No. 338.)

2. *Exhibit I: Poulson Deposition Excerpts*

Exhibit I contains excerpts from the transcript of Ms. Poulson's deposition. Defendants argue it should be sealed because it contains "nonpublic, highly sensitive personal information regarding Ms. Poulson," including "testimony regarding Ms. Poulson's expunged criminal history, mental health, medications, treatment, and private family matters."[18] Defendants identify the specific pages in the transcript where this testimony is found.

The motion to seal is granted in part and denied in part as to Exhibit I. The specific pages identified by Defendants warrant sealing, where they contain sensitive personal information regarding Ms. Poulson, a nonparty. To the extent this information may be relevant, it is discussed in the parties' public briefing, and the public interest in access to the underlying deposition testimony is minimal. However, Defendants have not articulated a basis to seal other pages of the transcript. Therefore, <u>Defendants are ordered to refile Exhibit I publicly, with only pages 49–51, 90–91, 95–96, 101–105, 137–143, and 186 redacted.</u>

3. *Exhibit Q: Pardon Order and Expungement Order*

Exhibit Q contains a pardon order and expungement order for Ms. Poulson. Defendants argue it should be sealed because it contains confidential details regarding Ms. Poulson's expunged crimes.[19]

---

[18] (*Id.*)

[19] (*Id.*)

The motion to seal is granted as to Exhibit Q. Where the fact of the pardon and expungement are discussed in the public briefing, and the actual contents of the orders themselves are not otherwise relevant at this stage, the public interest in access to this exhibit is minimal. Exhibit Q shall remain sealed until otherwise ordered.

4. *Exhibit HH: "NCFI Envelope"*

Exhibit HH contains copies of an envelope and documents regarding Ms. Poulson's expunged criminal history, which the AGO alleges Mr. Amann mailed to the National Computer Forensics Institute ("NCFI") where Ms. Poulson was attending a training program. Defendants argue Exhibit HH should be sealed because it contains sensitive personal information which is no longer publicly available regarding Ms. Poulson's expunged criminal history.[20]

The motion to seal is granted in part and denied in part as to Exhibit HH. The first page of Exhibit HH is a photocopy of the envelope which contains no confidential information. The second page is a cover letter which is quoted in full in Mr. Amann's publicly-filed summary judgment motion.[21] Therefore, pages 1 and 2 of Exhibit HH do not warrant sealing. <u>Defendants are ordered to refile pages 1 and 2 of Exhibit HH publicly.</u>

The remaining pages are records related to Ms. Poulson's expunged criminal history. Although the summary judgment briefing contains extensive discussion of the packet sent to NCFI and the circumstances of its mailing, the actual contents of these

---

[20] (*Id.*)

[21] (*See* Pl.'s Mot. for Partial Summ. J. ¶ 18, Doc. No. 329.)

records are discussed only generally. Where these records contain nonpublic details regarding the expunged criminal history, and the relevant information regarding this history is discussed in the public briefing, the public interest in access to the underlying records is minimal at this stage. Therefore, the remaining pages of Exhibit HH shall remain sealed until otherwise ordered. However, this ruling may be revisited if these documents are later relied on in ruling on substantive issues in this case.

    5. *Exhibit UU: Utah State Bar Complaint*

Exhibit UU contains records related to Mr. Amann's complaint to the Utah State Bar regarding Ms. Poulson. Defendants argue it should be sealed because it contains private details regarding Ms. Poulson's expunged criminal history and medical issues.[22]

The motion is granted in part and denied in part as to Exhibit UU. The letters from the Utah State Bar to Ms. Poulson and Mr. Amann at pages 1 through 6 of the exhibit do not contain any confidential information other than the fact that the complaint was made, which is revealed in the parties' public briefing. Therefore, these pages do not warrant sealing. <u>Defendants are ordered to refile pages 1 through 6 of Exhibit UU publicly.</u>

The remaining pages contain the contents of the bar complaint submitted by Mr. Amann. Where the bar complaint is mentioned only briefly and in general terms in the summary judgment briefing, the public interest in these records is minimal at this stage. Therefore, the remaining pages shall remain sealed until otherwise ordered.

---

[22] (Renewed Mot. to Seal 4, Doc. No. 338.)

   *6. Exhibit HHH*

Exhibit HHH is Ms. Poulson's letter to the Board of Pardons in support of her pardon application. Defendants argue it should be sealed because it contains highly sensitive, personal information regarding her expunged criminal record and health and family issues.[23]

The motion to seal is granted as to Exhibit HHH. This letter is cited only in support of background facts in Defendants' summary judgment motion; therefore, the public interest in access is minimal at this stage. Exhibit HHH shall remain sealed until otherwise ordered.

   *7. Exhibit PPP*

Exhibit PPP is a letter from Mr. Amann to the Labor Commission. Defendants argue it should be sealed because pages 4 and 5 contain confidential details regarding Ms. Poulson's expunged criminal history and past substance abuse.[24]

The motion is granted in part and denied in part as to Exhibit PPP. Where the pages identified by Defendants contain details regarding Ms. Poulson's expunged criminal history which are not addressed in the summary judgment briefing, the public interest in access to that information is minimal. Therefore, pages 4 and 5 of Exhibit PPP shall remain sealed. However, Defendants have not articulated a basis to seal the other pages of Exhibit PPP. Therefore, the remaining pages do not warrant sealing. <u>Defendants are ordered to refile Exhibit PPP publicly, with only pages 4 and 5 redacted.</u>

---

[23] (*Id.*)

[24] (*Id.*)

CONCLUSION

Defendants' renewed motion to seal[25] is granted in part and denied in part. Defendants are ordered to refile Exhibits G, I, HH, UU, and PPP consistent with the instructions above within fourteen days.

DATED this 15th day of May, 2024.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge

---

[25] (Doc. No. 338.)