UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| PAUL G. AMANN,<br><br>        Plaintiff,<br><br>v.<br><br>OFFICE OF THE UTAH ATTORNEY GENERAL,<br><br>        Defendant. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER PURSUANT TO RULE 26(c)**<br>**(DOC. NO. 375)**<br><br>Case No. 2:18-cv-00341<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Paul G. Amann brought this action against the Office of the Utah Attorney General (the "AGO") and several current and former AGO officials and employees, alleging he was retaliated against and wrongfully terminated because of whistleblowing activities.[1] The AGO asserts Mr. Amann was terminated for nonretaliatory reasons, including his alleged harassment of another AGO employee, Cynthia Poulson.[2]

The AGO has filed a motion for a protective order under Rule 26(c) of the Federal Rules of Civil Procedure, seeking to prohibit Mr. Amann from pursuing certain public records requests under Utah's Government Records Access and Management Act[3] ("GRAMA") relating to Ms. Poulson, and to deem any documents received in

---

[1] (*See generally* Second Am. Compl., Doc. No. 90.) All defendants other than the AGO have now been dismissed.

[2] (*See* Defs.' Mot. for Summ. J. 1–3, Doc. No. 330.)

[3] Utah Code Ann. §§ 63G-2-101–901.

1

response inadmissible.[4] The AGO contends Mr. Amann is improperly using the GRAMA requests to conduct discovery outside the parameters of the court's scheduling orders.[5] Mr. Amann opposes the motion, arguing no good cause exists to enter a protective order, and Rule 26(c) is an improper avenue for seeking to exclude evidence.[6] Where the AGO has failed to show good cause for a protective order prohibiting Mr. Amann from pursuing GRAMA requests regarding Ms. Poulson, its motion is denied.

## BACKGROUND

Mr. Amann, a former AGO attorney, claims he was unlawfully terminated in 2016 in retaliation for reporting misconduct, including reporting concerns about an inappropriate relationship between AGO employees Craig Barlow and Cynthia Poulson.[7] As relevant to this motion, the AGO has taken the position throughout this litigation that Mr. Amann harassed Ms. Poulson, and his termination was justified due to this harassment—among other reasons.[8]

---

[4] (Defs.' Mot. for Protective Order Pursuant to Rule 26(c) ("Mot."), Doc. No. 375.)

[5] (*See id.* at 1–3.)

[6] (*See* Pl.'s Mem. in Opp'n to Defs.' Mot. for Protective Order ("Opp'n"), Doc. No. 376.)

[7] (*See* Second Am. Compl. ¶¶ 106, 141–43, Doc. No. 90.)

[8] (*See, e.g.*, Defs.' Mot. for Summ. J. 1–2, Doc. No. 330.)

Fact discovery closed in this case on September 30, 2021.[9] The parties filed cross-motions for summary judgment on November 3, 2023,[10] and the court ruled on the motions on September 30, 2024.[11] The remaining claims are now set for trial on May 12, 2025.[12]

In 2017, before filing this case, Mr. Amann submitted fifty-six GRAMA requests to the AGO, seventeen of which sought records relating to Ms. Poulson.[13] According to the AGO, in September 2022 (a year after fact discovery closed), Mr. Amann began submitting new GRAMA requests to the AGO and other agencies regarding Ms. Poulson. Specifically, Mr. Amann submitted GRAMA requests to the AGO on September 22, 2022, March 12, 2023, July 15, 2023, and August 29, 2023.[14] These requests sought records on topics including disciplinary action against Ms. Poulson; Ms. Poulson's appointment as section chief, incentive awards, and any administrative leave taken by her; the AGO's payment of her bar dues and her attorney's fees in defense of a bar complaint; and her alleged demotion and placement on administrative leave.[15]

---

[9] (*See* Doc. No. 171.) Fact discovery was partially reopened for written discovery to former Attorney General Sean Reyes, but otherwise has remained closed since this date.

[10] (*See* Doc. Nos. 329 & 330.)

[11] (*See* Mem. Decision and Order Den. Pl.'s Partial Mot. for Summ. J., and Granting in Part and Den. in Part Defs.' Mot. for Summ. J., Doc. No. 380.)

[12] (Am. Trial Order, Doc. No. 390.)

[13] (*See* Mot. ¶ 1, Doc. No. 375.)

[14] (*See id.* ¶¶ 2–5.)

[15] (*See id.*)

After Ms. Poulson left the AGO and began working at the Utah State Board of Education ("USBE"), Mr. Amann submitted a GRAMA request to USBE on April 9, 2024 for records related to her employment with that agency.[16] According to the AGO, Mr. Amann agreed not to pursue the request to USBE after the AGO's counsel in this case requested that he withdraw it.[17] But on June 23, 2024, Mr. Amann submitted a GRAMA request for the same records to the Utah Division of Human Resource Management ("DHRM").[18]

The AGO filed the instant motion on July 12, 2024, seeking to (1) require Mr. Amann to withdraw his GRAMA request to DHRM, (2) prohibit him from continuing to request public records under GRAMA from the AGO and other state agencies regarding Ms. Poulson, and (3) deem any records obtained from his DHRM request as inadmissible in this case.[19] The AGO attached a declaration from Ms. Poulson stating she was upset and stressed that Mr. Amann had "tracked" her and discovered her current employment, and was embarrassed and annoyed that her new employer had to respond to Mr. Amann's requests.[20] She also stated she felt distressed and traumatized by Mr. Amann's "repeated harassment."[21] On May 20, 2024, Ms. Poulson

---

[16] (*See id.* ¶¶ 6–7.)

[17] (*See id.* ¶¶ 8–9.)

[18] (*See id.* ¶ 10.)

[19] (*Id.* at 1.)

[20] (Ex. I to Mot., Decl. of Cynthia Poulson in Supp. of Def.'s Mot. for Protective Order ¶¶ 8–9, Doc. No. 375-9.)

[21] (*Id.* ¶¶ 9, 12.)

made a police report regarding Mr. Amann's GRAMA request to the USBE, indicating she felt Mr. Amann was stalking her.[22]

## LEGAL STANDARDS

Rule 26(c) of the Federal Rules of Civil Procedure provides the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[23] The moving party bears the burden of establishing good cause for the protective order by showing the "disclosure will result in a clearly defined and serious injury."[24] Conclusory statements are insufficient to show good cause.[25]

## ANALYSIS

The AGO argues a protective order is warranted for three reasons. First, the AGO contends Mr. Amann's GRAMA requests are "an improper attempt to conduct discovery long after discovery has closed."[26] Second, the AGO argues the requests are "oppressive and harassing toward Ms. Poulson, a witness and former AGO employee."[27] Finally, the AGO argues records regarding Mr. Poulson's current

---

[22] (*Id.* ¶ 10.)

[23] Fed. R. Civ. P. 26(c)(1).

[24] *Jones v. City of Saratoga Springs*, No. 2:23-cv-00019, 2024 U.S. Dist. LEXIS 158558, at *3 (D. Utah Sept. 3, 2024) (unpublished) (citation omitted).

[25] *Klesch & Co. v. Liberty Media Corp.*, 217 F.R.D. 517, 524 (D. Colo. 2003).

[26] (Mot. 7, Doc. No. 375.)

[27] (*Id.*)

employment with a different state agency have "no relevance whatsoever" to its decision to terminate Mr. Amann in 2016.[28]

In response, Mr. Amann argues he has a right to request public records from government agencies just as any other citizen, and the fact that he is a litigant in this case does not alter that right.[29] He acknowledges his GRAMA requests may "turn up documents relevant to this litigation," but he asserts that is not the purpose of the requests—and he describes the AGO's argument to the contrary as "pure conjecture."[30] Mr. Amann also contends the AGO has no basis to interfere with his GRAMA requests to a different state agency, particularly where the subject of the requests (Ms. Poulson) is no longer an AGO employee.[31]

The AGO has not shown good cause for a protective order prohibiting Mr. Amann from pursuing GRAMA requests regarding Ms. Poulson. As Mr. Amann points out, the AGO does not seek to prohibit Mr. Amann from conducting discovery *in this case* (via discovery methods set forth in the federal rules). Rather, it seeks to prohibit Mr. Amann from exercising his right to request public records from state agencies as permitted under Utah law. The AGO has not shown such a protective order is warranted under the circumstances presented here.

---

[28] (*Id.*)

[29] (Opp'n 2, Doc. No. 376.)

[30] (*Id.*)

[31] (*Id.*)

In arguing a protective order is warranted, the AGO relies primarily on two district court cases: *Heinrich v. Ethicon*[32] and *Hartman v. City of Sherwood*.[33]  In *Heinrich*, the plaintiffs issued public records requests to the employer of the defendant's retained expert four years after the discovery deadline.[34]  The court found the requests were "an attempt to circumvent the [discovery] cut-off dates" and a prior order limiting the reopening of discovery.[35]  The court also found the requests ran counter to a previous order not to seek such information from the parties' experts' employers "due to the potential embarrassment and harassment issues."[36]  Under these circumstances, the court granted a motion for a protective order precluding future public records requests regarding the expert, and precluding the plaintiffs from using the records they had already obtained at trial.[37]

In *Hartman*, the plaintiff issued a public records request under the Freedom of Information Act ("FOIA") to the defendant municipality, seeking the same information sought in her discovery requests to the defendant.[38]  The court found using FOIA in this way gave the plaintiff an "unfair advantage," where the requests were identical to her

---

[32] No. 2:20-cv-00166, 2022 U.S. Dist. LEXIS 217464 (D. Nev. Dec. 2, 2022) (unpublished).

[33] No. 4:21-cv-00974, 2022 U.S. Dist. LEXIS 163166 (E.D. Ark. Sept. 9, 2022) (unpublished).

[34] 2022 U.S. Dist. LEXIS 217464, at *5–6, 8.

[35] *Id.* at *8.

[36] *Id.* at *6.

[37] *Id.* at *9.

[38] 2022 U.S. Dist. LEXIS 163166, at *3.

7

discovery requests, and FOIA provided shorter response deadlines and penalties for failure to respond.[39] The court granted a motion for a protective order precluding the plaintiff from pursuing the FOIA requests, and instead requiring the defendant to respond as required under the federal rules.[40]

The public records requests at issue here are not analogous to those in *Heinrich* or *Hartman*. Notably, Mr. Amann's 2022 and 2023 GRAMA requests to the AGO (some of which concerned subjects pertinent to this case) are not addressed in the AGO's proposed protective order. The AGO does not seek to preclude Mr. Amann from pursuing those requests (most of which were submitted more than a year before the AGO moved for a protective order). Even assuming it was improper for Mr. Amann to seek information pertinent to this case from an opposing party via GRAMA after discovery closed—and that doing so circumvented the discovery schedule—the AGO's proposed protective order simply does not address this issue.

Instead, the AGO asks that Mr. Amann be ordered to withdraw his GRAMA request to the DHRM regarding Ms. Poulson's current employment—and be prevented from submitting any new public records requests regarding Ms. Poulson. But the AGO itself asserts Ms. Poulsen's current employment (the subject of the DHRM request) is irrelevant to this case. In other words, the AGO seeks to preclude Mr. Amann from pursuing a public records request to a different state agency regarding a nonparty who is no longer employed by the AGO, regarding a subject unrelated to this case. And the

---

[39] *Id.* at *2–3, 5.

[40] *Id.* at *5–6.

AGO also seeks to prevent Mr. Amann from pursuing *any* future GRAMA request regarding Ms. Poulson, regardless of its connection to this case.

Properly understood, the AGO's request is untenable, and the arguments supporting it fall flat. First, the AGO has not shown the DHRM request is an improper attempt to circumvent the discovery schedule in this case, where (even according to the AGO) the requested records bear no connection to this case. Unlike *Heinrich*, there is no prior order in this case precluding discovery of the requested records. And unlike *Hartman*, the DHRM request does not overlap with discovery requests in this case. Thus, the AGO has not shown the DHRM request (or hypothetical future requests) violate this court's discovery or scheduling orders.

The AGO's argument that Mr. Amann's GRAMA requests are harassing to Ms. Poulson is also unavailing. Ms. Poulson is neither a party to this case nor a current AGO employee. The AGO argues Ms. Poulson should nevertheless be protected because she is a key witness in this case.[41] But the AGO does not contend Mr. Amann's requests regarding Ms. Poulson, who is still a government employee, are somehow improper under GRAMA itself. And even if they were, presumably, this issue could be addressed in the agency's response to the GRAMA request, pursuant to statutory procedures. Likewise, if Ms. Poulson believes Mr. Amann's actions toward her rise to the level of stalking or other criminal conduct, she may contact law enforcement (as she has done) or seek a protective order in state court. But the AGO has demonstrated no basis to issue a Rule 26(c) protective order in this case, preventing

---

[41] (*See* Reply in Supp. of Def.'s Mot. for Protective Order Pursuant to Rule 26(c) 3–4, Doc. No. 377.)

9

Mr. Amann from pursuing GRAMA requests regarding subject matter unrelated to this case.

Finally, the AGO's request to deem records received in response to GRAMA requests inadmissible is denied as premature. As Mr. Amann notes, Rule 26(c) addresses limitations on discovery, not admissibility of evidence.[42] And in any event, the AGO has not shown a protective order is warranted. The issue of the records' admissibility may be raised in pretrial motions or at trial.

---

[42] Rule 26(c) specifically provides a court may enter a protective order "including one or more of the following":

>(A) forbidding the disclosure or discovery;
>(B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;
>(C) prescribing a discovery method other than the one selected by the party seeking discovery;
>(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
>(E) designating the persons who may be present while the discovery is conducted;
>(F) requiring that a deposition be sealed and opened only on court order;
>(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
>(H) requiring that the parties simultaneously file specified documents or information in sealed envelopes to be opened as the Court directs.

Fed. R. Civ. P. 26(c)(1).

## CONCLUSION

The AGO's motion[43] for a protective order pursuant to Rule 26(c) is denied.

DATED this 13th day of January, 2025.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[43] (Doc. No. 375.)