UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| PAUL G. AMANN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>OFFICE OF THE UTAH ATTORNEY GENERAL,<br><br>　　　　Defendant. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO REOPEN DISCOVERY TO TAKE SEAN REYES'S DEPOSITION AND SEARCH HIS EMAILS**<br>**(DOC. NO. 389)**<br><br>Case No. 2:18-cv-00341<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Paul G. Amann brought this action in 2018 against the Office of the Utah Attorney General (the "AGO"), Attorney General Sean Reyes, and other current and former AGO officials and employees, alleging he was retaliated against and wrongfully terminated because of whistleblowing activities.[1] Mr. Amann previously moved to compel a deposition of Mr. Reyes.[2] On the AGO and Mr. Reyes's petition for writ of mandamus to prevent the deposition, the Tenth Circuit held Mr. Reyes could not be deposed because Mr. Amann did not satisfy the "extraordinary circumstances" test for deposing a high-ranking official.[3] Discovery is now closed, and a trial is set for May 12, 2025 on Mr. Amann's claims against the AGO for breach of contract and violation of a

---

[1] (*See generally* Second Am. Compl., Doc. No. 90.) All defendants other than the AGO have now been dismissed.

[2] (*See* Pl.'s Short Form Mot. to Compel the Dep. of Sean Reyes, Doc. No. 157.)

[3] *In re Off. of the Utah Att'y Gen.*, 56 F.4th 1254, 1264 (10th Cir. 2022).

1

Utah whistleblower protection statute[4] (the only claims which survived summary judgment).[5]

On December 13, 2024, Mr. Amann filed a motion to reopen discovery, seeking (1) a deposition of Mr. Reyes after his departure from office in January 2025, and (2) production of communications from an email address associated with Mr. Reyes.[6] Mr. Amann contends the extraordinary circumstances test no longer applies after Mr. Reyes leaves office.[7] The AGO opposes the motion, arguing the extraordinary circumstances test still applies to former high-ranking officials and prevents Mr. Reyes from being deposed.[8] The AGO also argues Mr. Amann's motion should be construed as a motion to compel and denied—and attorney fees awarded to the AGO—because Mr. Amann failed to meet and confer before filing it.[9] The AGO asserts the email issue is moot because, after receiving the motion, it searched the email address and produced responsive communications.[10]

---

[4] *See* Utah Protection of Public Employees Act, Utah Code §§ 67-21-1, et seq.

[5] (*See* Am. Trial Order, Doc. No. 390; Mem. Decision and Order Den. Pl.'s Partial Mot. for Summ. J., and Granting in Part and Den. in Part Defs.' Mot. for Summ. J., Doc. No. 380.)

[6] (Pl.'s Mot. to Reopen Disc. to Take Sean Reyes's Dep. and Search His Emails ("Mot."), Doc. No. 389.)

[7] (*See id.* at 4.)

[8] (*See* Def.'s Opp'n to Pl.'s Mot. to Reopen Disc. to Take Sean Reyes's Dep. and Search His Emails ("Opp'n") 6–8, Doc. No. 393.)

[9] (*Id.* at 5–6, 10.)

[10] (*Id.* at 6, 10.)

Mr. Amann's motion is denied.[11] As explained below, the extraordinary circumstances test continues to apply to former high-ranking officials after they leave office, where (as here) the case relates to events during their tenure. Because Mr. Amann has not made a sufficient showing under the extraordinary circumstances test, Mr. Reyes cannot be deposed. And Mr. Amann concedes the email issue is moot. Accordingly, there is no basis to reopen discovery, and Mr. Amann's motion is denied. The AGO's request for attorney's fees is also denied.

## BACKGROUND

Mr. Amann, a former AGO attorney, claims he was unlawfully terminated in 2016 in retaliation for reporting misconduct.[12] During discovery, Mr. Amann moved to compel a deposition of Mr. Reyes, arguing he was personally involved in the termination decision.[13] After the district judge ordered the deposition to proceed,[14] the AGO and Mr. Reyes petitioned the Tenth Circuit for a writ of mandamus to prevent the deposition.

In its decision granting the petition, the Tenth Circuit adopted the "extraordinary circumstances" test for determining whether to permit a deposition of a high-ranking government official.[15] This test requires a party seeking a deposition of a high-ranking

---

[11] The court held a hearing on January 13, 2025, and took the motion under advisement. (*See* Min. Entry, Doc. No. 397.)

[12] (*See* Second Am. Compl. ¶¶ 106, 131–37, Doc. No. 90.)

[13] (*See* Pl.'s Short Form Mot. to Compel the Dep. of Sean Reyes 3, Doc. No. 157.)

[14] (*See* Mem. Decision and Order Sustaining in Part and Overruling in Part Pl.'s Objs. 5–11, Doc. No. 224; Mem. Decision and Order Den. Defs.' Mot. for Reconsideration, Doc. No. 251.)

[15] *In re Off. of the Utah Att'y Gen.*, 56 F.4th at 1264.

official to show: "(1) the official has first-hand knowledge related to the claim being litigated; (2) the testimony will likely lead to the discovery of admissible evidence[;] (3) the deposition is essential to the party's case[;] and (4) the information cannot be obtained from an alternative source or via less burdensome means."[16]

Applying this test to Mr. Reyes, the Tenth Circuit found Mr. Amann made a sufficient showing as to the first two factors.[17] Specifically, the court referenced evidence indicating Mr. Reyes had first-hand knowledge related to Mr. Amann's claim—including a text Mr. Reyes sent to a campaign manager "characterizing Mr. Amann's claims as an effort to 'burn us to the ground,'" and "evidence that Mr. Reyes was involved in discussions about who would be the ultimate decision maker concerning Mr. Amann's employment."[18] The court also noted it "seem[ed] likely that Mr. Reyes's deposition would lead to the discovery of admissible evidence."[19]

However, the Tenth Circuit concluded Mr. Amann failed to make the requisite showing as to the third and fourth factors.[20] Finding Mr. Amann had not established Mr. Reyes's deposition was essential to his claim, the court noted this factor requires proof the deposition is "not only relevant, but '*necessary*.'"[21] Next, where Mr. Amann had the opportunity to depose former Civil Chief Deputy Bridget Romano and former Solicitor

---

[16] *Id.* (alterations in original) (citations omitted).

[17] *Id.*

[18] *Id.* (citation omitted).

[19] *Id.*

[20] *Id.*

[21] *Id.* (quoting *In re United States*, 197 F.3d 310, 314 (8th Cir. 1999)).

General Tyler Green, the court found Mr. Amann had adequate alternative sources of information regarding Mr. Amann's termination.[22]  Indeed, the court observed these "high-ranking officials at the UAGO" "were actually *better* sources of information concerning the termination given that they both testified Mr. Reyes had *no* involvement or influence in the decision to terminate Mr. Amann."[23]  Finally, the court noted Mr. Reyes could be compelled to respond to interrogatories as an alternative to a deposition.[24]  For these reasons, the Tenth Circuit granted the petition and ordered the district court to vacate its order compelling the deposition of Mr. Reyes.[25]

Following this decision, Mr. Amann issued twenty-five interrogatories and two document requests to Mr. Reyes.[26]  Mr. Reyes responded on April 7, 2023.[27]  With the exception of these requests, fact discovery closed on September 30, 2021.[28]  The parties filed cross-motions for summary judgment on November 3, 2023,[29] and the court

---

[22] *Id.* at 1256, 1264.

[23] *Id.* at 1264.

[24] *Id.* at 1264 n.7.

[25] *Id.* at 1264.

[26] (*See* Ex. 1 to Mot., Utah Att'y Gen. Sean Reyes' Answers and Resps. to Pl.'s Interrogs. and Reqs. for Produc. ("Reyes Discovery Resps."), Doc. No. 389-1.)

[27] (*Id.*)

[28] (*See* Order Granting Stip. Mot. to Amend Scheduling Order, Doc. No. 171.)

[29] (*See* Doc. Nos. 329 & 330.)

ruled on the motions on September 30, 2024.[30]  A trial is scheduled for Mr. Amann's remaining claims on May 12, 2025.[31]

## ANALYSIS

A. <u>Legal Standards</u>

As an initial matter, the parties dispute the legal standards applicable to Mr. Amann's motion.  The AGO argues that where Mr. Amann seeks to compel discovery, he must comply with the meeting and conferral requirement of the District of Utah's short form discovery rule.[32]  Mr. Amann, on the other hand, contends his motion does not fall under this rule because he merely seeks to reopen discovery.[33]  Mr. Amann argues the applicable standard is the "good cause" standard for modifying a scheduling order under Rule 16(b)(4), and the factors articulated in *Smith v. United States*[34] for determining whether good cause exists to reopen discovery.[35]  Because of this, in his

---

[30] (*See* Mem. Decision and Order Den. Pl.'s Partial Mot. for Summ. J., and Granting in Part and Den. in Part Defs.' Mot. for Summ. J., Doc. No. 380.)

[31] (Am. Trial Order, Doc. No. 390.)

[32] (*See* Opp'n 5–6, Doc. No. 393); *see also* DUCivR 37-1(a) (requiring parties to make "reasonable efforts to resolve a discovery dispute arising under Fed. R. Civ. P. 26–37 before seeking court assistance," including identifying the issue in writing and requesting to meet and confer).

[33] (*See* Reply in Supp. of Pl.'s Mot. to Reopen Disc. to Take Sean Reyes's Dep. and Search His Emails ("Reply") 2–3, Doc. No. 395.)

[34] 834 F.2d 166 (10th Cir. 1987).

[35] (*See* Mot., Doc. No. 389 at 4, 6; Reply 2–3, Doc. No. 395); *see also* Fed. R. Civ. P. 16(b)(4); *Smith*, 834 F.2d at 169 (listing the following factors for courts to consider in determining whether to reopen discovery: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time

6

reply and at the hearing, Mr. Amann suggested it would be premature, at this juncture, to consider whether the extraordinary circumstances test precludes Mr. Reyes' deposition.[36]

In his motion, Mr. Amann seeks both to reopen discovery and to compel specific discovery; his motion contains both requests. Mr. Amann explicitly seeks to "obtain a ruling permitting [Mr. Reyes's] deposition."[37] Given the parties' prior dispute regarding the permissibility of the deposition (and the Tenth Circuit decision prohibiting it), this request can most reasonably be interpreted as seeking to compel Mr. Reyes to submit to a deposition now that he has left office. Further, the motion asks the court to "order Defendant to search" a specific email address for "communications or meetings regarding Amann"—which Mr. Amann contends are responsive to a prior discovery request.[38] This is unequivocally a request to compel discovery.

Because Mr. Amann seeks to compel discovery, his motion is governed by Rule 37 of the Federal Rules of Civil Procedure and the District to Utah's short form discovery rule (Rule 37-1).[39] Under these rules, Mr. Amann was required to make good

---

allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence").

[36] (*See* Reply 4, Doc. No. 395.) Mr. Amann argued at the hearing that the AGO should be required to raise this issue in a motion for a protective order or a motion to quash a subpoena.

[37] (Mot., Doc. No. 389 at 8.)

[38] (*Id.* at 10.)

[39] *See* Fed. R. Civ. P. 37(a)(1) (permitting a party to "move for an order compelling disclosure or discovery"); DUCivR 37-1 (local rule applicable to discovery disputes "arising under Fed. R. Civ. P. 26–37").

7

faith attempts to meet and confer regarding the dispute before filing his motion.[40]  Mr. Amann concedes he failed to do so.[41]

Nevertheless, the court declines to deny Mr. Amann's motion for failure to meet and confer (or to comply with the other requirements of the short form discovery rule). Although a conferral would have resolved the email issue (which Mr. Amann concedes is now moot[42]), it would not have resolved the dispute regarding Mr. Reyes's deposition. And full (rather than short form) briefing on this issue is appropriate given the substantive nature of the dispute.  Accordingly, the court considers this issue on the merits.

As Mr. Amann notes, a party seeking to reopen discovery must show "good cause" under Rule 16(b)(4), based on a consideration of the *Smith* factors.[43]  But Mr. Amann's suggestion that his motion can be decided without also addressing the permissibility of Mr. Reyes's deposition is unworkable.  Where the Tenth Circuit concluded Mr. Reyes could not be deposed in this case, this court cannot reopen discovery for the purpose of deposing Mr. Reyes without first addressing whether this deposition is now permissible (based on Mr. Reyes' departure from office).  If the

---

[40] *See* Fed. R. Civ. P. 37(a)(1) (requiring a motion to compel discovery to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action"); DUCivR 37-1(a)(2)(B) (requiring a party to "request[] to meet and confer, either in person or by telephone," before filing a discovery motion).

[41] (*See* Reply 2–3, Doc. No. 395 (arguing Rule 37 does not apply and no conferral was required).)

[42] (*See id.* at 3 n.1.)

[43] *See* Fed. R. Civ. P. 16(b)(4); *Smith*, 834 F.2d at 169.

deposition is impermissible, Mr. Amann's motion must be denied on that basis, making an analysis of the *Smith* factors unnecessary. Accordingly, the extraordinary circumstances test is addressed as a threshold matter.

### B. The Extraordinary Circumstances Test Applies to Former High-Ranking Government Officials

The Tenth Circuit has yet to address whether the extraordinary circumstances test for deposing high-ranking government officials still applies after an official leaves office. Mr. Amann argues the rationale for this test dissolves after an official steps down.[44] In support of this argument, he relies on the Tenth Circuit's observation in this case that: "The extraordinary circumstances rule 'is based on the notion that high ranking government officials have greater duties and time constraints than other witnesses and that, without appropriate limitations, such officials will spend an inordinate amount of time tending to pending litigation.'"[45]

Certainly, this portion of the Tenth Circuit's rationale no longer applies after an official steps down. However, the Tenth Circuit also noted the extraordinary circumstances test "has its genesis" in *United States v. Morgan*,[46] a Supreme Court decision which "discouraged depositions of high-ranking officials concerning the reasons for their official actions."[47] Applying *Morgan*, numerous other courts have concluded the extraordinary circumstances test remains applicable even after an official

---

[44] (Mot., Doc. No. 389 at 3–4.)

[45] *In re Off. of the Utah Att'y Gen.*, 56 F.4th at 1259–60 (quoting *Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007)).

[46] 313 U.S. 409 (1941).

[47] *In re Off. of the Utah Att'y Gen.*, 56 F.4th at 1260 (citing *Morgan*, 313 U.S. at 422).

9

leaves office.  For example, in *In re United States Department of Education*,[48] the Ninth Circuit found the extraordinary circumstances test prevented the former Secretary of Education from being deposed concerning actions taken during her tenure.[49]  The court explained:

> Our reasoning applies even though DeVos is no longer serving as secretary.  The requested deposition concerns her actions taken during her tenure as secretary and "[w]e note that the process-inquiry rationale of *Morgan* and its successors hardly becomes inapplicable upon an official's departure from [her] office." *In re United States*, 542 F. App'x 944, 949 (Fed. Cir. 2013).  The time constraint concerns discussed above similarly continue to apply.  The threat of having to spend their personal time and resources preparing for and sitting for depositions could hamper and distract officials from their duties while in office.  If allowed the minute cabinet secretaries leave office, overwhelming and unnecessary discovery could also discourage them from taking that office in the first place or leaving office when there is controversy.[50]

District courts have applied similar rationale.  In *In re Gold King Mine Release*,[51] a District of New Mexico court explained that "[b]y extending the protections of the *Morgan* doctrine to former high-ranking government officials, persons who agree to accept the burdens of public service know that they will be protected from continued participation in lawsuits in the years after their public service is done."[52]  In *United States v. Wal-Mart Stores*,[53] a district court reasoned that "[o]ne of the driving principles

---

[48] 25 F.4th 692 (9th Cir. 2022).

[49] *Id.* at 705–06.

[50] *Id.* at 705.

[51] No. 1:18-md-02824, 2021 U.S. Dist. LEXIS 145496 (D.N.M. Mar. 20, 2021) (unpublished).

[52] *Id.* at *19.

[53] No. PJM-01-1521, 2002 U.S. Dist. LEXIS 6929 (D. Md. Mar. 29, 2002) (unpublished).

of the *Morgan* decision is that the indiscriminate depositions of high-ranking government officials would be unduly burdensome upon said officials and likely discourage them from accepting positions as public servants."[54]  As the court noted: "If the immunity *Morgan* affords is to have any meaning, the protections must continue upon the official's departure from public service."[55]  Otherwise, "such public servants should very well expect a mailbag full of deposition subpoenas on the day they depart office."[56]  And in *United States v. Newman*,[57] a district court found that although concerns of impeding high-ranking officials' ability to perform their duties are eliminated when they leave office, "[t]he need to protect the integrity of the underlying decision-making process, and encourage public service by protecting officials from 'indiscriminate depositions,' continue[s] to persist after the official leaves government service."[58]

The rationale articulated in these cases is persuasive, and Mr. Amann identifies no cases holding otherwise.  Where, as here, a case concerns official actions taken during a high-ranking official's tenure,[59] the extraordinary circumstances test applies

---

[54] *Id.* at *9.

[55] *Id.* at *10.

[56] *Id.*

[57] 531 F.Supp.3d 181 (D.D.C. 2021).

[58] *Id.* at 188 (internal citations omitted) (citing *Morgan*, 313 U.S. at 422; *FDIC v. Galan-Alvarez*, No. 1:15-mc-00752, 2015 U.S. Dist. LEXIS 130545, at *13 (D.D.C. Sept. 4, 2015) (unpublished)).

[59] *See In re Off. of the Utah Att'y Gen.*, 56 F.4th at 1262 (noting Mr. Amann's claims "arise from the official's performance of his official duties").

11

even after the official leaves office. Therefore, Mr. Amann must make a sufficient showing under the extraordinary circumstances test to depose Mr. Reyes.

### C. Mr. Amann Fails to Make a Sufficient Showing Under the Extraordinary Circumstances Test

The extraordinary circumstances test requires a party seeking a deposition of a high-ranking official to show: "(1) the official has first-hand knowledge related to the claim being litigated; (2) the testimony will likely lead to the discovery of admissible evidence[;] (3) the deposition is essential to the party's case[;] and (4) the information cannot be obtained from an alternative source or via less burdensome means."[60] As explained above, the Tenth Circuit previously held Mr. Amann made a sufficient showing as to the first two factors but not the third and fourth factors.[61]

Mr. Amann argues new evidence obtained after the Tenth Circuit's decision is sufficient to satisfy the third and fourth factors.[62] He points to a document he obtained from the AGO in response to a public records request, which he describes as "showing the office was monitoring and documenting Amann's comings and goings in July 2015."[63] The document appears to be an electronic log of employee access card usage, with a handwritten note identifying entries related to Mr. Amann.[64] As Mr. Amann notes, in one of his interrogatories to Mr. Reyes, he requested identification of

---

[60] *Id.* at 1264 (alterations in original) (citations omitted).

[61] *Id.*

[62] (*See* Mot., Doc. No. 389 at 5; Reply 5–6, Doc. No. 395.)

[63] (Mot., Doc. No. 389 at 5; Ex. 2 to Mot., Doc. No. 389-2.)

[64] (*See* Ex. 2 to Mot., Doc. No. 389-2.)

12

all investigations into Mr. Amann during Mr. Reyes's tenure.[65] Mr. Amann contends that in his response, Mr. Reyes "does not provide any information as to why Amann was being monitored at that time, so Amann should be allowed the opportunity to explore the circumstances of the investigation into him at that time."[66] Mr. Amann asserts that because he "does not know whose handwriting is on the document," he "has no other source for information about why [he] was being investigated in July 2015 than Reyes, as leader of the office."[67]

      This new evidence is insufficient to show Mr. Reyes's deposition is essential or that the information sought cannot be obtained from another source. The access card log bears no apparent connection to Mr. Reyes himself. Mr. Amann's argument that he should be permitted to depose Mr. Reyes about the log because Mr. Amann does not know the circumstances of its creation or whose handwriting it bears turns the extraordinary circumstances standard on its head. Mr. Amann offers no evidence suggesting Mr. Reyes has *any* first-hand knowledge regarding the access card log—much less that he is the *only* available source of information regarding this log (or any possible related investigation). Mr. Reyes's interrogatory answer does not change this analysis.

---

[65] (*See* Mot., Doc. No. 389 at 5; Ex. 1 to Mot., Reyes Discovery Resps. at 6 (Interrog. No. 4), Doc. No. 389-1.)

[66] (Mot., Doc. No. 389 at 5; *see also* Reply 5, Doc. No. 395.)

[67] (Reply 5, Doc. No. 395.)

Mr. Amann attaches additional evidence to his reply which he contends demonstrates Mr. Reyes's "involvement in the events at issue in this case."[68] This evidence need not be considered, where it was submitted with the reply rather than the motion.[69] Regardless, the Tenth Circuit already considered the same or similar evidence and found it insufficient to meet the extraordinary circumstances test in this case. The documents attached to the reply are: (1) Mr. Reyes's July 8, 2015 "to-do" list referencing Mr. Amann,[70] (2) a July 12, 2015 email from Mr. Reyes to Spencer Austin directing him to "master the timeline," in response to emails with the subject line "Paul G. Amann Documents 6/26/15,"[71] and (3) an email from Spencer Austin to Mr. Reyes forwarding information regarding a complaint made against Mr. Amann by AGO employee Cynthia Poulson.[72] In its decision, the Tenth Circuit specifically mentions the to-do list, as well as evidence that Mr. Reyes was "kept in the loop about the investigation of Mr. Amann and directed his subordinates about how to handle situations

---

[68] (*Id.* at 5–6; Exs. 2–4 to Reply, Doc. Nos. 395-2–395-4.)

[69] *See Really Right Stuff v. Field Optics Rsch.*, No. 2:20-cv-00345, 2024 U.S. Dist. LEXIS 97436, at *13 n.69 (D. Utah May 31, 2024) (unpublished) ("Typically, the court does not consider evidence submitted on reply."); *Velazquez v. Greyhound Lines, Inc.*, No. 2:19-cv-00493, 2020 U.S. Dist. LEXIS 268337, at *3 (D. Utah Nov. 10, 2020) (unpublished) ("It is procedurally improper to introduce exhibits for the first time in a reply memorandum.").

[70] (Ex. 2 to Reply, Doc. No. 395-2.)

[71] (Ex. 3 to Reply, Doc. No. 395-3.)

[72] (Ex. 4 to Reply, Doc. No. 395-4.)

involving Amann."[73] Where the Tenth Circuit has already determined such evidence is insufficient, Mr. Amann's reliance on this evidence fails.

Mr. Amann identifies no other, new evidence which could change the analysis. Accordingly, Mr. Amann has not satisfied the extraordinary circumstances test. Mr. Amann cannot depose Mr. Reyes, and his request to reopen discovery for this purpose is denied.

### D. Request for Attorney's Fees

The AGO requests an award of attorney's fees incurred in responding to the motion.[74] Rule 37(a)(5)(A) provides that if a motion to compel is granted or the requested discovery is provided after the motion was filed, the court must award attorney's fees to the movant.[75] But the court "must not order this payment if . . . the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action."[76] Rule 37(a)(5)(B) provides that if a motion to compel is denied, the court must award attorney's fees to the opposing party unless "the motion was substantially justified or other circumstances make an award of expenses unjust."[77] Finally, Rule 37(a)(5)(C) provides that if the motion is granted in part and denied in part, the court may "apportion the reasonable expenses for the motion."[78]

---

[73] *In re Off. of the Utah Att'y Gen.*, 56 F.4th at 1256 (internal quotation marks omitted).

[74] (Opp'n 10, Doc. No. 393.)

[75] Fed. R. Civ. P. 37(a)(5)(A).

[76] Fed. R. Civ. P. 37(a)(5)(A)(i).

[77] Fed. R. Civ. P. 37(a)(5)(B).

[78] Fed. R. Civ. P. 37(a)(5)(C).

Here, Mr. Amann's motion sought to compel production of emails and a deposition of Mr. Reyes. The AGO produced the requested emails after Mr. Amann's motion was filed, but Mr. Amann failed to meet and confer regarding the dispute before filing. Rule 37(a)(5)(A) provides that attorney's fees must not be awarded to the movant in this scenario—but it does not permit an award of fees to the nonmoving party. Therefore, the AGO's request for fees is denied as it relates to the email issue. As for Mr. Reyes's deposition, although Mr. Amann's request to permit the deposition was denied, Mr. Amann's position on this issue is substantially justified, where there is no controlling Tenth Circuit precedent regarding the applicability of the extraordinary circumstances test after an official leaves office. Therefore, the AGO's request for fees is also denied as it relates to the deposition dispute.

## CONCLUSION

Mr. Amann's motion[79] is denied. The AGO's request for attorney's fees is also denied.

DATED this 28th day of January, 2025.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[79] (Doc. No. 389.)