IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PAUL G. AMANN,<br><br>    Plaintiff,<br><br>v.<br><br>OFFICE OF THE UTAH ATTORNEY GENERAL,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART THE PARTIES' MOTIONS FOR JUDICIAL NOTICE**<br><br>Case No. 2:18-cv-00341-JNP-DAO<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Before the court are motions for judicial notice filed by the parties in anticipation of their upcoming trial. Defendant Office of the Utah Attorney General ("Defendant" or "the Attorney General's Office") moves the court to take judicial notice of (1) the Ethics and Discipline Committee's Ruling of Appeal of Dismissal, (2) Cynthia Poulson's 2010 pardon, and (3) Cynthia Poulson's 2016 pardon. ECF No. 443 ("Def.'s Mot."). Plaintiff Paul G. Amann ("Plaintiff" or "Amann") moves the court to take judicial notice of (1) the 2015 Performance Audit of the Utah Attorney General's Office, (2) the 2025 Performance Audit of the Utah Attorney General's Office, (3) the 2025 Performance Audit of the Utah Attorney General, and (4) a state court judge's ruling regarding Defendant's conduct during discovery. ECF No. 462 ("Pl.'s Mot."). For the reasons set forth herein, the court **PARTIALLY GRANTS** and **PARTIALLY DENIES** Defendant's Motion for Judicial Notice and Plaintiff's Motion for Judicial Notice.

**LEGAL STANDARD**

A court may take judicial notice of any "fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

FED. R. EVID. 201. "Judicial notice permits a judge to accept a matter as proved without requiring the party to offer evidence of it." *United States v. Estep*, 760 F.2d 1060, 1063 (10th Cir. 1985) (internal quotation marks omitted). "The court may take judicial notice at any stage of the proceeding," and *must* take judicial notice if a party requests it and supplies the court with the necessary information. FED. R. EVID. 201.

A court may decline to take judicial notice of irrelevant evidence. *See Zabriskie v. Lewis*, 507 F.2d 546, 553 (10th Cir. 1974) ("It is not error for a court to refuse to admit or take judicial notice of irrelevant evidence."); *see also Cravens v. Smith*, 610 F.3d 1019, 1029 (8th Cir. 2010) ("[A] court may properly decline to take judicial notice of documents that are irrelevant to the resolution of a case.").

## ANALYSIS

The court first addresses Defendant's motion and then proceeds to Plaintiff's motion.

### I. DEFENDANT'S MOTION

Defendant moves the court to take judicial notice of a 2020 Ethics and Discipline Committee ruling ("the ruling") and Cynthia Poulson's 2010 and 2016 pardons ("the pardons"). Defendant argues that the accuracy of the sources of these exhibits cannot be reasonably questioned. At the final pretrial conference, Defendant indicated that it was no longer seeking judicial notice of the ruling. And Plaintiff indicated that he no longer objected to Defendant's request that the court take judicial notice of the pardons. Therefore, the court PARTIALLY GRANTS and PARTIALLY DENIES Defendant's motion. It will not take judicial notice of the ruling but will take judicial notice of Poulson's 2010 and 2016 pardons.

### II. PLAINTIFF'S MOTION

Plaintiff moves the court to take judicial notice of the Attorney General's Office's 2015 and 2025 Performance Audits, the Attorney General's 2025 Performance Audit, and a state court

ruling regarding Defendant's conduct during discovery in a related case. The state court ruling is available to the public as part of the docket in the state court proceeding. Similarly, the Performance Audits are appropriate for judicial notice as they are publicly available online on the Attorney General's Office's official website. *See O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) (holding that the district court erred by failing to take judicial notice of publicly available information posted on an official website). While Defendant does not dispute the court's ability to take judicial notice of these documents, it objects on grounds of relevance. The court addresses these objections below.

### A. THE PERFORMANCE AUDITS

Defendant objects to the Attorney General's Office's 2025 and 2015 Performance Audit as well as the Attorney General's 2025 Performance Audit for the same reasons articulated in its Motion in Limine No. 7. ECF No. 419. The court adopts its reasoning in denying that Motion with respect to the Attorney General's Office's 2015 Performance Audit and takes judicial notice of that document.

At the final pretrial conference, Plaintiff conceded that neither of the 2025 performance audits are relevant as they occurred long after Plaintiff was terminated. Thus, the court declines to take judicial notice of the Attorney General's Office's 2025 Performance Audit and the Attorney General's 2025 Performance Audit.

### B. JUDGE SKANCHY'S RULING

Defendant objects to Plaintiff's request that the court take judicial notice of Judge Skanchy's ruling regarding Defendant's conduct during discovery in a related case, arguing that the evidence is irrelevant, highly prejudicial, and inadmissible character evidence. The ruling discusses whether Defendant conducted a reasonable search in response to Plaintiff's GRAMA Requests, including for the thumb drive discussed in Defendant's Motion in Limine No. 3. ECF

No. 415. For the same reason the court excluded evidence relating to Defendant's conduct during discovery in this case in partially granting that motion, the court excludes evidence of Defendant's conduct during discovery in the related state court case. The evidence is only slightly probative of Defendant's internal views relating to Plaintiff's Whistleblower Act claim. And the risk of wasting time, misleading the jury, and unfairly prejudicing Defendant substantially outweighs any slight probative value of the evidence. Accordingly, the court declines to take judicial notice of Judge Skanchy's order regarding discovery.

## CONCLUSION & ORDER

For the foregoing reasons, the court **PARTIALLY GRANTS** and **PARTIALLY DENIES** Defendant's Motion for Judicial Notice (ECF No. 443) and **PARTIALLY GRANTS** and **PARTIALLY DENIES** Plaintiff's Motion for Judicial Notice (ECF No. 462). The court takes judicial notice of Poulson's 2010 and 2016 pardons and the 2015 Performance Audit of the Utah Attorney General's Office. It declines to take judicial notice of the other documents.

DATED May 8, 2025

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge