IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PAUL G. AMANN,<br><br>  Plaintiff,<br><br>v.<br><br>OFFICE OF THE UTAH ATTORNEY GENERAL,<br><br>  Defendant. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO REINSTATE FIRST AMENDMENT CLAIMS**<br><br>Case No. 2:18-cv-00341-JNP-DAO<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is a motion to vacate the court's summary judgment order filed by Plaintiff Paul G. Amann ("Plaintiff"). ECF No. 500 ("Pl.'s Mot."). Defendant Office of the Utah Attorney General ("Defendant") opposes the motion. ECF No. 502. For reasons set forth herein, the court DENIES Plaintiff's motion to vacate.

## BACKGROUND

At summary judgment, the court dismissed Plaintiff's First Amendment claims against Defendants Bridget Romano, Tyler Green, and Sean Reyes ("the individual Defendants"). Plaintiff alleged the following speech acts were protected by the First Amendment: (1) a verbal complaint about the improper use of paralegals; (2) his report about improper preferential treatment of Poulson; (3) a request for documents under the Government Records Access and Management Act ("GRAMA") related to a complaint against him; (4) his participation in the legislative audit; and (5) a packet about Cynthia Poulson sent to the National Computer Forensics Institute ("the NCFI Packet"). The court found that speech acts (2) through (5) "did not touch on matters of public

concern and so fall outside the scope of constitutional protection." ECF No. 380 ("MSJ Order") at 17. The court also concluded that although Plaintiff's complaint about the improper use of paralegals was constitutionally protected speech, Plaintiff "ma[d]e no effort to identify facts supporting a finding that his verbal complaints about the use of paralegal time were known to Romano, Green, or AG Reyes, or that those complaints otherwise influenced the termination decision." *Id.* at 18. Therefore, the court dismissed Plaintiff's First Amendment claims, concluding there was no dispute of fact as to whether the individual Defendants terminated him for protected speech. And since Plaintiff failed to establish a constitutional violation, the court did not address whether the individual Defendants were entitled to qualified immunity.

During trial, Plaintiff moved to reinstate his First Amendment claims against the individual Defendants pursuant to Rule 54(b) and suggested that the court "allow the jury to decide whether Bridget Romano, Tyler Green, and/or Sean Reyes violated Mr. Amann's First Amendment rights." Pl.'s Mot. at 13. Plaintiff subsequently requested that the court reinstate the First Amendment claims and then bifurcate them into a "separate trial phase." ECF No. 503 ("Pl.'s Supp. Brief") at 2.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(b), "any order . . . that does not end the action . . . may be revised at any time before the entry of judgment adjudicating all the claims . . . ." FED. R. CIV. P. 54(b). For guidance in considering a motion under Rule 54(b), the Tenth Circuit has held that courts "may look to the standard used to review a motion made pursuant to Federal Rule of Civil Procedure 59(e)." *Carbajal v. Lucio*, 832 Fed. Appx. 557, 569 (10th Cir. 2020). Under this standard, the Tenth Circuit has recognized the following grounds as warranting reconsideration of a prior order: "(1) an intervening change in the controlling law, (2) new evidence previously

unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion for reconsideration is therefore appropriate "where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

## ANALYSIS

Plaintiff argues that his First Amendment claims should be reinstated based on new evidence presented at trial. Specifically, Plaintiff argues that the court should revisit speech acts (2) through (5). The court previously dismissed these speech acts because they did not touch on matters of public concern.

Plaintiff does not point to any change in controlling law nor does he identify any error or need to prevent manifest injustice. Plaintiff simply states that vacating the order would "serve the interests of justice." Pl.'s Mot. at 13. But he only argues that reinstating the First Amendment claims would not unfairly prejudice the individual Defendants, not that reinstating the claims would prevent manifest injustice. Thus, the court addresses only whether Plaintiff has cited any new evidence to meet his burden under Rule 54(b).

Plaintiff fails to identify any new evidence presented at trial that would allow the court to revisit its ruling. Rather, he simply restates evidence already produced in discovery or advances arguments that could have been raised in prior briefing.

First, Plaintiff points to "trial testimony by Mr. Amann as well as Jenette Turner and Jason Hanks." *Id.* at 10. He claims this evidence

> established that Mr. Amann was raising concerns that Ms. Poulson's preferential treatment resulted in her getting a contract for a paralegal/attorney position that paid her as an attorney (thereby

3

>misusing government funds), and that she, a state prosecutor who was also a convicted felon, was not properly qualified for, trained for, or doing the job she was paid to do, and had access to databases she was not allowed to access.

*Id.* But this testimony is not new evidence previously unavailable. Plaintiff had Poulson's contract and was aware that she was a convicted felon and had access to databases prior to the beginning of this litigation. The court will not revisit its summary judgment ruling based on evidence available to Plaintiff at the time he opposed Defendants' motion for summary judgment.

Second, Plaintiff cites the July 4, 2015 "Appeal of denial of GRAMA request" letter that he sent to Reyes and argues that this proves that his GRAMA requests were a matter of public concern. Again, this is not new evidence. Plaintiff wrote this letter himself. Thus, the letter was available to Plaintiff.

Third, Plaintiff argues "the actual letter Mr. Amann sent to the auditors was not attached to any of the summary judgment pleadings, but the 12-page letter Mr. Amann sent to the auditors on July 17, 2015, introduced at trial as Exhibit 16, raises several points that are clearly matters of public concern." *Id.* at 3. Not only did the court cite this letter in its order on the motion for summary judgment, but Plaintiff wrote it. The letter is not new evidence previously unavailable.

Fourth, Plaintiff argues that he "has provided evidence not only that he did not send the NCFI packet, but that the packet may not have even been sent, and/or may have been a fabricated reason for his termination, to retaliate for other protected activity." *Id.* at 12. But Plaintiff fails to identify exactly what new evidence proves that he did not send the packet. And regardless, evidence as to who sent the NCFI Packet or whether it was sent does not change whether the contents of the NCFI Packet were protected. Thus, Plaintiff has not shown any new evidence regarding whether the NCFI Packet touched on matters of public concern.

Finally, Plaintiff argues that "the Court should consider the First Amendment claims in light of the evidence that has been presented that Ms. Romano finally sent a Notice of Intent to Terminate after 11 long months immediately after Mr. Amann hand-delivered his complaint about Mr. Reyes to EBEC." *Id.* But this is not new evidence. The court had the EBEC complaint as well as the dates of Plaintiff's administrative leave and termination for consideration at summary judgment. Clearly, Plaintiff seeks to advance an argument he could have made at summary judgment. Thus, Plaintiff has presented no new evidence warranting a reconsideration of the court's summary judgment order.

## CONCLUSION AND ORDER

For the reasons above, the court DENIES Plaintiff's motion to reconsider. ECF No. 500.

DATED June 16, 2025

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge