IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PAUL G. AMANN,<br><br>Plaintiff,<br><br>v.<br><br>OFFICE OF THE UTAH ATTORNEY GENERAL,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER PROVISIONALLY GRANTING MOTION TO STAY<br><br>Case No. 2:18-cv-00341-JNP-DAO<br><br>Chief District Judge Jill N. Parrish<br>Magistrate Judge Daphne A. Oberg |

Before this court is Plaintiff's motion to stay approval of Defendant's application for a writ of execution. Dkt. No. 595. For the following reasons, the motion is GRANTED subject to the requirement that Plaintiff post bond for the full judgment.

**BACKGROUND**

This court entered a final judgment in favor of Defendant in June 2025, following a jury trial. Dkt. No. 536. Defendant thereafter filed a Bill of Costs and supporting memorandum, and the Clerk of Court awarded Defendant $38,068.96. Dkt Nos. 537, 538, 564, 565. This court overruled Plaintiff's objections to the taxation of costs. Dkt. No. 589. This court also denied Plaintiff's motion for a new trial and motion for relief from the final judgment. *Id.* at 1; Dkt. No. 584. Plaintiff then filed a notice of appeal. Dkt. No. 591. Defendant filed an application for a writ of execution, which Plaintiff seeks to stay. Dkt. Nos. 594, 595. Defendant has since amended the application for a writ of execution. Dkt. No. 598. Defendant has further indicated that it does not oppose a stay of the application for a writ of execution if Plaintiff posts bond for the total

judgment amount. Dkt. No. 599, p. 5. Plaintiff asks this court to reduce the amount of the bond and extend the deadline for posting it. Dkt. No. 600, pp. 2–3.

**LEGAL STANDARD**

Rule 62(b) states, "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security." FED. R. CIV. P. 62(b). The Tenth Circuit instructs district courts that "a full supersedeas bond should be the requirement in normal circumstances," as it "secure[s] an appellee from loss resulting from the stay." *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986); *see also Strong v. Laubach*, 443 F.3d 1297, 1299 (10th Cir. 2006) ("The bond secures the judgment against insolvency of the judgment debtor and is usually for the full amount of the judgment, though the district court has discretion in setting the amount."). "Because the court should presumptively require a bond equal to the full amount of the judgment, it is the [opposing party's] burden to establish good cause for not requiring [the full amount]." *Becker v. Ute Indian Tribe of the Uintah & Ouray Rsrv.*, No. 2:16-cv-00958-TC, 2022 WL 1403090 at *2 (D. Utah May 4, 2022); *see also ESIP SERIES 1, LLC v. Doterra Int'l, LLC*, No. 2:15-cv-00779-RJS-DBP, 2023 WL 4206387, at *2 (D. Utah June 27, 2023). "This is a heavy lift as it requires 'demonstrating objectively that a full supersedeas bond is impossible or impractical.'" *ESIP SERIES*, 2022 WL 1403090 at *2. When considering a request to waive the bond requirement, courts consider the *Dillon* factors:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment . . . ; (4) whether the [movant's] ability to pay the judgment is so plain that the cost of a bond would be a waste of money . . .; and (5) whether the [movant] is in such a precarious financial situation that the requirement to post a bond would place other creditors of the [movant] in an insecure position.

*Dillon v. City of Chicago*, 866 F.2d 902, 904–05 (7th Cir. 1988); *see also Becker*, 2022 WL 1403090 at *3; *ESIP SERIES*, 2022 WL 1403090 at *2.

**DISCUSSION**

Plaintiff asks the court to exercise its discretion to set bond at less than the full amount of the judgment but fails to provide a basis for doing so. Dkt No. 600, pp. 2–3. Plaintiff argues that he should not be required to post the full bond because: (1) Defendant's costs have already been covered by its insurance mechanism, State Risk; (2) Plaintiff is "currently a public defender in a rural Arizona county; and (3) "the state of Utah holds his retirement account and a 401k from his work in Utah." Dkt. No. 600, p. 3; Dkt. No. 595, p. 6. The first of these facts is not relevant to the *Dillon* factors, and the latter two are insufficient to carry Plaintiff's heavy burden.

First, the complexity of the collection process favors Defendant. Though Plaintiff identifies his retirement account and 401k account as assets that might be available to satisfy a judgment against him, he has not explained how Defendant might actually enforce a judgment against such assets. Instead, Plaintiff merely asserts that such assets are "held" by the state of Utah, without explaining whether Defendant, an agency of the state of Utah, would have the practical ability to enforce a judgment against those assets. Second, the amount of time required to obtain a judgment favors neither party in this case. Although the court has already issued a judgment following a jury trial, Defendant has waited almost 14 months to enforce that judgment. Dkt. No. 536. Third, the court has little confidence in the availability of funds to pay the judgment. Plaintiff himself seems to suggest that his income is limited, referencing his employment as a public defender in a rural part of Arizona, and he has provided no specific information about the size of his retirement and 401k accounts. The same concerns apply to the fourth factor—Plaintiff's ability to pay the judgment is not so plain that the cost of the bond would be a waste of money. Finally, Plaintiff has

not identified other creditors who would be placed in a precarious position if he were required to post bond. The court therefore concludes that Plaintiff should be ordered to post bond for the full amount of the judgment.

**CONCLUSION AND ORDER**

For the above reasons, the court provisionally GRANTS Plaintiff's motion to stay. The court ORDERS that, within thirty days of this order, Plaintiff shall post bond for the total $38,068.96 judgment. At that time, the court will stay Defendant's application for a writ of execution.

DATED October 28, 2026.

BY THE COURT

Jill N. Parrish
Chief United States District Judge
District of Utah